## UNITED STATES, Appellant

v

## JAMES E. IRWIN, Specialist Four, U. S. Army, Appellee

### 22 USCMA 168, 46 CMR 168

No. 26,011

March 2, 1973

*Captain Glenn R. Bonard* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Captain Richard L. Menson,* and *Captain Nicholas Yonclas.*

*Captain George Clyde Gray* argued the cause for Appellee, Accused. With him on the brief were *Colonel Arnold I. Melnick, Colonel Joseph E. Donahue, Captain Mark L. Tuft,* and *Captain Arpiar G. Saunders, Jr.*

### Opinion of the Court

QUINN, Judge:

A divided Court of Military Review held insufficient to state an offense a specification which alleged, in material part, that the accused did "conspire . . . to commit an offense under the Uniform Code of Military Justice, to wit: Sale of 2, 595 grams of . . . hashish." Under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, the Judge Advocate General of the Army certified the decision to this Court for determination of its correctness.

The Court of Military Review deemed the specification legally insufficient because of the absence of any allegation that the sale was wrongful. Primarily, the court relied upon our decision in United States v Brice, 17 USCMA 336, 38 CMR 134 (1967). There, we held that a specification charging the sale of marihuana was legally deficient because of the absence of any allegation

that the sale was unlawful or wrongful. However, the offense charged here is not the sale of a prohibited substance but an agreement to sell. In Wong Tai v United States, 273 US 77, 71 L Ed 545, 47 S Ct 300 (1927), the Supreme Court noted that in a conspiracy charge, the agreement is the gist of the crime; consequently, it is not essential to the validity of the charge that the offense that is the object of the agreement be described with technical precision. In United States v Bunch, 3 USCMA 186, 11 CMR 186 (1953), the accused was charged with violating a lawful general regulation by having in his possession property belonging to other persons. Although there was no averment that the possession was unlawful or wrongful, we held that the allegation of violation of the general order "implicitly contains a charge that the act committed by the accused was itself an offense and therefore unlawful and wrongful." *Id.* at 188, 11 CMR at 188. The charge here that the conspiracy was in violation of the Uniform Code was sufficient to apprise the accused that his alleged conduct was contrary to law. We conclude, therefore, that the Court of Military Review erred in its determination that the specification was fatally deficient.

We answered the certified question in the negative and reverse the decision of the Court of Military Review. The record of trial is returned to the Judge Advocate General for resubmission to the court for further proceedings consistent with this opinion.

Chief Judge DARDEN and Judge DUNCAN concur.