UNITED STATES, Appellee

v.

Benny NORWOOD Jr., First Sergeant
U.S. Marine Corps, Appellant

No. 11-0515

Crim. App. No. 201000495

United States Court of Appeals for the Armed Forces

Argued May 16, 2012

Decided June 6, 2012

RYAN, J., delivered the opinion of the Court, in which BAKER, C.J., ERDMANN and STUCKY, JJ., and COX, S.J., joined.


Counsel

For Appellant:  Major Jeffrey R. Liebenguth, USMC (argued).

For Appellee:  Colonel Kurt J. Brubaker, USMC (argued); Lieutenant Joseph M. Moyer, JAGC, USN, and Brian K. Keller, Esq. (on brief); Colonel Louis J. Puleo, USMC.

Military Judge:  David M. Jones

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Judge RYAN delivered the opinion of the Court.

Pursuant to his pleas, a military judge, sitting as a general court-martial, convicted Appellant of attempted adultery, conspiracy to obstruct justice, and making a false official statement, violations of Articles 80, 81, and 107, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 880, 881, 907 (2006). Contrary to his pleas, Appellant was also convicted of conspiracy to commit an indecent act and indecent acts, violations of Articles 81 and 120, UCMJ, 10 U.S.C. §§ 881, 920 (2006). The adjudged and approved sentence provided for a bad-conduct discharge, confinement for fourteen months, and reduction to E-5.

The United States Navy-Marine Corps Court of Criminal Appeals (NMCCA) affirmed the findings and the sentence as approved by the convening authority. United States v. Norwood, No. NMCCA 201000495, 2011 CCA LEXIS 85, at *13, 2011 WL 1680782, at *5 (N-M. Ct. Crim. App. May 5, 2011) (unpublished). We granted Appellant's petition under Article 67, UCMJ, 10 U.S.C. § 867 (2006).[1]

---

[1] On February 29, 2012, we granted Appellant's petition on the following issue:

> I. WHETHER, IN LIGHT OF UNITED STATES v. FOSLER, 70 M.J. 225 (C.A.A.F. 2011), THE SPECIFICATIONS ALLEGING ATTEMPTED ADULTERY AND CONSPIRACY TO OBSTRUCT JUSTICE STATE OFFENSES.

United States v. Norwood, 11-0515/MC

In accordance with the precedent of our own Court, United States v. Bryant, 30 M.J. 72 (C.M.A. 1990), and the Supreme Court, United States v. Resendiz-Ponce, 549 U.S. 102 (2007); Wong Tai v. United States, 273 U.S. 77 (1927), we hold that in order to state the elements of an inchoate offense under Articles 80 and 81, UCMJ, a specification is not required to expressly allege each element of the predicate offense.[2]

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The charges in this case relate to Appellant's involvement in a group sexual encounter on April 17, 2009, and a subsequent cover-up of the incident.[3]  Specifically, at some point on the night in question, Appellant (the company first sergeant), Staff Sergeant (SSgt) K, and Corporal (Cpl) H encountered Cpl H's girlfriend -- the victim, a private first class -- naked, in a cabana that she and Cpl H had rented.  Norwood, 2011 CCA LEXIS 85, at *2-3, 2011 WL 1680782, at *1.  During the ensuing events,

---

We also specified the following issue:

> II.  WHETHER, IN ORDER TO STATE AN OFFENSE OF ATTEMPT OR CONSPIRACY UNDER ARTICLES 80 AND 81, THE SPECIFICATION IS REQUIRED TO EXPRESSLY ALLEGE EACH ELEMENT OF THE PREDICATE OFFENSE.

__ M.J. __ (C.A.A.F. 2012) (order granting review).

[2] This holding renders the granted issue moot.

[3] For a more complete factual history, see Norwood, 2011 CCA LEXIS 85, at *1-*4, 2011 WL 1680782, at *1-*2.

all three men engaged in various sexual conduct with the victim. Id. For his part, Appellant "touch[ed] [the victim's] breasts and vagina," and then "attempted to have intercourse with [her]." 2011 CCA LEXIS 85, at *3, 2011 WL 1680782, at *1. Immediately prior to vaginally penetrating her, however, Appellant was interrupted by a knock at the door, and left the premises. Id.

"[A]ppellant later learned that [the victim] was at the hospital and, believing that an investigation into the incident would follow, called a meeting with [SSgt K and Cpl H] in order to get their 'stories straight.'" Id. At that meeting, the three men "agreed that they would tell investigators that [the victim] was never in the room [that night]." Id.

Subsequently, as part of the Naval Criminal Investigative Service (NCIS) investigation of the event, an NCIS agent interviewed Appellant. Id. Appellant initially adhered to the agreed-upon story, but, after being presented with evidence to the contrary, admitted to his involvement in the event and in concocting the falsified version of events. 2011 CCA LEXIS 85, at *3-*4, 2011 WL 1680782, at *1.

Relative to these events, the Government preferred charges against Appellant, including the following two specifications.

A charged violation of Article 80, UCMJ, which read:

4

> In that [Appellant], U.S. Marine Corps, a married man, on active duty, did, at Okinawa, Japan, on or about 17 April 2009, attempt to commit adultery with [the victim], U.S. Marine Corps, a woman not his wife, by trying to place his penis inside of her vagina and have sexual intercourse with her.

And a charged violation of Article 81, UCMJ, which read:

> In that [Appellant], U.S. Marine Corps, on active duty, did at Okinawa, Japan, on or about 20 April 2009, conspire with [SSgt K and Cpl H] to commit an offense under the Uniform Code of Criminal Justice, to wit: obstruction of justice in the investigation into the alleged sexual assault of [the victim], and in order to effect the object of the conspiracy, [Appellant] did make false statements to [an NCIS special agent], concerning his involvement and knowledge of the sexual assault of [the victim].

While Appellant was convicted under mixed pleas, he pleaded guilty to both of these specifications. During the plea colloquy for these offenses, the military judge listed and explained the elements of the Article 80 and 81, UCMJ, offenses (attempt and conspiracy), as well as the elements of the Article 134, UCMJ, 10 U.S.C. § 934 (2006), predicate offenses (adultery and obstruction of justice), see Manual for Courts-Martial, United States pt. IV, paras. 4.b., 5.b., 62.b., 96.b. (2008 ed.) (MCM).

On appeal to the NMCCA, Appellant asserted, among other things, that "the attempted adultery and conspiracy to obstruct justice specifications each failed to state an offense." 2011 CCA LEXIS 85, at *1, 2011 WL 1680782 at *1. The NMCCA held that both of the contested specifications "properly state[d]

offenses."  2011 CCA LEXIS 85, at *5-*9, 2011 WL 1680782, at *2-*3.

## II.  DISCUSSION

"Whether a specification is defective and the remedy for such error are questions of law, which we review de novo." United States v. Ballan, 71 M.J. 28, 33 (C.A.A.F. 2012).  A charge and specification "[are] sufficient if [they], first, contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, and, second, enable[] him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  Hamling v. United States, 418 U.S. 87, 117 (1974).  "A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication."  Rule for Courts-Martial (R.C.M.) 307(c)(3).

Appellant argues that the inchoate attempt and conspiracy specifications, to which he pleaded guilty, are insufficient because they do not allege all elements of the "target" or predicate offenses.  We disagree.

Precedent of this Court and the Supreme Court makes clear that the government need only allege the elements of the inchoate offense:

> It is well settled that in an indictment for conspiring to commit an offense -- in which the conspiracy is the gist of the crime -- it is not necessary to allege with

6

United States v. Norwood, 11-0515/MC

> technical precision all the elements essential to the commission of the offense which is the object of the conspiracy, or to state such object with the detail which would be required in an indictment for committing the substantive offense.

Wong Tai, 273 U.S. at 81 (citing, inter alia, Williamson v. United States, 207 U.S. 425, 447 (1908) ("[C]onspiracy is the gist of the crime, and certainty, to a common intent, sufficient to identify the offense which the defendants conspired to commit, is all that is requisite in stating the object of the conspiracy."), and Thornton v. United States, 271 U.S. 414, 423 (1926) ("The rules of criminal pleading do not require the same degree of detail in an indictment for conspiracy, in stating the object of the conspiracy, as if it were one charging the substantive offense.")); see also Bryant, 30 M.J. at 73-74.

While these cases concerned conspiracy, their logic applies equally to attempt, especially given the Supreme Court's decision in Resendiz-Ponce that "an indictment alleging attempted illegal reentry under [the criminal code] need not specifically allege a particular overt act or any other 'component par[t]' of the offense." 549 U.S. at 107 (quoting Hamling, 418 U.S. at 119) (second set of brackets in original). As we noted in Bryant, "'it is not essential to the validity of the [inchoate] charge that the offense that is the object of the agreement be described with technical precision.'" 30 M.J. at 73-74 (quoting United States v. Irwin, 22 C.M.A. 168, 169, 46

7

C.M.R. 168, 169 (1973)).[4]  However, sufficient specificity is required so that an accused is aware of the nature of the underlying target or predicate offense -- particularly in the context of an underlying Article 134, UCMJ, offense.

Undertaking its analysis in light of this precedent, the NMCCA correctly analyzed the specifications at issue:

> Articles 80 and 81, UCMJ, respectively, make it an offense to attempt or conspire to commit offenses "under this chapter".  This court is firmly convinced that the offenses delineated under the General Article are, in fact, offenses under Chapter 47 of title 10, and are satisfied that the specification of Charge I and Specification 1 of Charge II state offenses.  See United States v. Jones, 68 M.J. 465, 471–72 (C.A.A.F.2010) (noting that paragraphs 61 through 113 of Part IV of the [MCM] are "various circumstances" under which the elements of Article 134 could be met). Further, we see no legal requirement to plead the elements of a "target" offense for either attempt or conspiracy and we are not persuaded by the appellant's argument that General Article "target" offenses should be treated differently, in pleadings under Article 80 or 81, from the enumerated offenses in Articles 83 through 132.

---

[4] See also United States v. Bedford, 536 F.3d 1148, 1156-57 (10th Cir. 2008); United States v. Eirby, 262 F.3d 31, 37-38 (1st Cir. 2001); United States v. Wydermyer, 51 F.3d 319, 324-26 (2d Cir. 1995); United States v. Roman, 728 F.2d 846, 852-53 (7th Cir. 1984); United States v. Graves, 669 F.2d 964, 968 (5th Cir. 1982); United States v. Ramos, 666 F.2d 469, 475 (11th Cir. 1982); United States v. Wander, 601 F.2d 1251, 1259-60 (3d Cir. 1979); United States v. Starr, 584 F.2d 235, 236-37 (8th Cir. 1978); United States v. Fruehauf Corp., 577 F.2d 1038, 1071 (6th Cir. 1978); Stein v. United States, 313 F.2d 518, 520-21 (9th Cir. 1962); United States v. Offutt, 127 F.2d 336, 339 (D.C. Cir. 1942).  But see Kingrea v. United States, 573 F.3d 186, 192-93 (4th Cir. 2009) (requiring that an indictment set forth the essential elements of the predicate offense).

      The elements of attempted adultery are:  (1) the appellant did an overt act; (2) the act was done with the specific intent to commit an offense under the code; (3) the act was more than mere preparation; and (4) the act apparently tended to effect the commission of the intended offense.  MCM, Part IV, ¶ 4b.  The specification expressly alleges that the appellant, a married man, attempted to commit adultery by having intercourse with a private first class who was not his wife and he did so by trying to place his penis inside her.  We are satisfied that the specification expressly alleges the elements of attempted adultery.

      The elements of conspiracy to obstruct justice are:  (1) the appellant entered into an agreement with another person to commit an offense under the code; and (2) while the agreement continued to exist, and while the appellant remained a party to the agreement, the appellant or another conspirator performed an overt act for the purpose of bringing about the object of the conspiracy.  MCM, Part IV, ¶ 5b.  Specification 1 under Charge II alleges that the appellant entered into an agreement with SSgt [K] and Cpl [H] to commit an offense under the UCMJ, specifically, obstruction of justice, by lying to investigators as to the presence of [the victim] and that in furtherance of that agreement, the appellant lied to [the NCIS special agent].  We are satisfied that the specification expressly alleges the elements of conspiracy to obstruct justice.

Norwood, 2011 CCA LEXIS 85, at *6-*8, 2011 WL 1680782, at *2-*3.

We agree.

### III.  DECISION

The decision of the United States Navy-Marine Corps Court of Criminal Appeals is affirmed.