# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman RORY M. DURAN
## United States Air Force

## ACM 38404

## 28 August 2014

Sentence adjudged 10 June 2013 by GCM convened at Holloman Air Force Base, New Mexico.  Military Judge:  Grant L. Kratz (sitting alone).

Approved Sentence:  Bad-conduct discharge, confinement for 14 months, and reduction to E-1.

Appellate Counsel for the Appellant:  Major Grover H. Baxley and Major Nicholas D. Carter.

Appellate Counsel for the United States:  Major Daniel J. Breen; Major Roberto Ramirez; and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

*This opinion is subject to editorial correction before final release.*

PER CURIAM:

   A military judge sitting as a general court-martial convicted the appellant, consistent with his pleas, of one specification of attempting to commit a sexual act upon a person he believed was under the age of 16, in violation of Article 80, UCMJ, 10 U.S.C. § 880.  The military judge sentenced the appellant to a bad-conduct discharge, confinement for 14 months, and reduction to E-1.  The convening authority approved the sentence as adjudged.

On appeal, the appellant alleges his guilty plea was improvident because the military judge did not inquire into a potential entrapment defense.[1] We disagree and affirm.

*Background*

The appellant responded to a personal advertisement on the Craigslist website under the "woman looking for man" heading. The advertisement stated, "Two sweet gals still looking for new friends to hang out with. Only the serious should reply." The appellant's reply led to correspondence with "Bridget," who identified herself early in the correspondence as being 13 years old. During the correspondence, "Bridget" told the appellant she and her friend wanted to engage in sexual activities with a man. The appellant and "Bridget" arranged to meet at a hotel, along with "Bridget's" friend. In actuality, "Bridget" was a special agent of the Department of Homeland Security investigations directorate who was conducting an undercover operation.

Per "Bridget's" request, the appellant stopped at a gas station and purchased condoms on his way to the hotel. He was arrested in the hotel's parking lot and promptly confessed that he drove to the hotel intending to have sexual intercourse with "Bridget" and her friend.

*Guilty Plea Providence Inquiry*

The appellant agreed to a stipulation of fact as part of his pretrial agreement. The stipulation noted that the day the appellant had agreed to meet with "Bridget," he sent her a message stating he was unable to meet with her because his car broke down. In reality, his car was working. "Bridget" responded by asking if he could borrow a friend's car. The appellant agreed and drove his own vehicle 120 miles to Deming, New Mexico to meet with "Bridget" and her friend.

During the guilty plea providence inquiry, the appellant explained his thoughts leading up to his travel to meet "Bridget" and her friend:

> Before I decided to go meet her, I was very conflicted. I was freaking out. I had decided not to go and made up an excuse and told her my car was broken down, even though my car was fine. But for some reason I decided to get in my car and drive 120 miles to Deming, New Mexico to meet her. . . . I drove to Deming because I wanted to have sex with her. It's hard for me to even say that. If the girl was real, and the police were not there to arrest me in the parking lot, I would have gone to the motel room and wanted to have sex with her.

---

[1] The appellant raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The military judge did not inquire whether the appellant believed he was entrapped by any action of "Bridget," including her question whether he could borrow a car. However, as a result of the military judge's questions, the appellant admitted he had no legal justification or excuse for his actions, no one or nothing forced him to commit these acts, and he could have avoided committing these acts if he wanted to.

We review a military judge's decision to accept or reject an accused's guilty plea for an abuse of discretion. *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996) (citing *United States v. Gallegos*, 41 MJ 446 (C.A.A.F. 1995)). The decision to accept a guilty plea will be set aside only where the record shows a substantial basis in law or fact for questioning the plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). The appellant bears the burden of demonstrating a substantial basis in law and fact for questioning a guilty plea, and the "mere possibility" of a conflict between the plea and statements or other evidence in the record is not a sufficient basis to overturn the guilty plea. *United States v. Finch*, 73 M.J. 144, 148 (C.A.A.F. 2014) (citing *United States v. Negron*, 60 M.J. 136, 141 (C.A.A.F. 2004); *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)).

Entrapment is an affirmative defense, in which "the criminal design or suggestion to commit the offense originated in the Government and the accused had no predisposition to commit the offense." Rule for Courts-Martial (R.C.M.) 916(g). The defense exists to prevent government officials from becoming overly aggressive and "implant[ing] in an innocent person's mind the disposition to commit a criminal act, and then induc[ing] commission of the crime so that the Government may prosecute." *Jacobson v. United States*, 503 U.S. 540, 548 (1992). Where the issue of entrapment is raised in a litigated case, the defense has the initial burden to demonstrate a government agent originated the suggestion to commit the crime. The burden then shifts to the Government to prove beyond a reasonable doubt that the criminal design did not originate with the Government or that the accused had a predisposition to commit the offense prior to first being approached by Government agents. *United States v. Hall*, 56 M.J. 432, 436 (C.A.A.F. 2002) (citing *United States v. Vanzandt*, 14 MJ 332, 342–343 (C.M.A. 1982)).

We find no abuse of discretion in the military judge's decision to accept the appellant's guilty plea without specifically exploring the possibility of an entrapment defense. The stipulation of fact and the appellant's statements in the providence inquiry plainly demonstrate he was a willing participant in the planned sexual activity and "Bridget" did not implant any disposition in him to commit this crime. The appellant unequivocally told the military judge that no one or nothing forced him to commit these acts, and he could have avoided committing these acts if he wanted to. Even when the appellant falsely told "Bridget" he could not come because his car broke down, it took one simple question for him to change his mind, drive 120 miles, purchase condoms, and

appear at a hotel where, in his words, he fully intended to have sexual intercourse with "Bridget." Under these facts, we find no abuse of discretion in the military judge's decision to accept the guilty plea.

*Additional Issues*

We note two additional issues not raised by the appellant. First, the addendum to the staff judge advocate's recommendation (SJAR) fails to list one character statement provided by the defense in clemency. The SJAR addendum lists, as attachments, materials provided by the defense, but it skips from attachment 11 to attachment 13, thereby omitting a character statement provided by Technical Sergeant (TSgt) AH. The convening authority signed a statement indicating he reviewed the materials listed as attachments to the SJAR addendum. Since the SJAR addendum fails to list TSgt AH's character statement as attachment 12, there is therefore no conclusive evidence that the convening authority reviewed this exhibit. We have examined this issue and find no material prejudice to any substantial right of the appellant. TSgt AH's character statement is contained within the record of trial and listed in a defense exhibit list that was provided to the convening authority, indicating the character statement also likely was provided to the convening authority. Even assuming it was not provided to the convening authority, we find no reasonable possibility that this character statement would have led the convening authority to grant clemency.

Second, the Specification of the Charge is unusually worded. It states:

> In that [the appellant], did, at or near Deming, New Mexico, on or about 3 November 2012, attempt to commit a sexual act upon "Bridget," a person that [the appellant] believed to be a child who had attained the age of 12 years but had not attained the age of 16 years, to wit: buying condoms, and traveling to a Super 8 motel in Deming, New Mexico, with the intent to penetrate the vulva or anus or mouth of the said "Bridget" with his penis.

The Specification thus alleges that the "sexual act" the appellant attempted to commit included, to wit, "buying condoms, and travelling to a Super 8 motel in Deming, New Mexico." These actions obviously are not, in and of themselves, prohibited sexual acts. Rather, they are merely the steps the appellant took in an attempt to complete the prohibited sexual act with "Bridget," namely, the penetration of her vulva or anus or mouth with his penis. The Specification could have been more clearly worded to separate out the attempted sexual act from actions the appellant took toward his attempted crime. Nonetheless, the appellant did not allege at trial or on appeal that he was confused as a result of the Specification's wording or lacked notice of the allegation against him. The Specification is sufficient because it "alleges every element of the charged offense expressly or by necessary implication. . . . No particular format is required." R.C.M. 307(c)(3). The Specification meets the Supreme Court's requirements

for a sufficient indictment: first, it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and second, it "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also United States v. Norwood*, 71 M.J. 204, 206 (C.A.A.F. 2012). We therefore find no basis for relief in the wording of the Specification.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court