# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, A.Y. MARKS, A.C. RUGH**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### TYLER G. STOKES
### LANCE CORPORAL (E-3), U.S. MARINE CORPS

### NMCCA 201500083
### GENERAL COURT-MARTIAL

**Sentence Adjudged:** 31 October 2014.
**Military Judge:** Col D.J. Daugherty, USMC.
**Convening Authority:** Commanding General, Marine Corps Installations Pacific, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** Col P.S. Rubin, USMC.
**For Appellant: Maj John** J. Stephens, USMC; Maj M. Brian Magee, USMC.
**For Appellee:** CAPT Dale O. Harris, JAGC, USN; Maj Suzanne M. Dempsey, USMC.

**27 October 2015**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge convicted the appellant of one specification of sexual assault and two specifications of abusive sexual contact, in violation of Article 120, Uniform of Military Justice, 10 U.S.C. § 920. A general court-martial consisting of officer members convicted the appellant, contrary to his pleas, of one specification of

indecent exposure and one specification of assault consummated by battery, in violation of Articles 120c and 128, UCMJ, 10 U.S.C. §§ 920c[1] and 928.  The members sentenced the appellant to three years' confinement, reduction to pay grade E-1, total forfeitures, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.

The appellant now alleges two assignments of error, that the military judge abused his discretion in denying a motion for unreasonable multiplication of charges and that his sentence was inappropriately severe.  We disagree.

## Background

The appellant and Lance Corporal (LCpl) SAB were best friends, a close bond that the appellant confused for something more significant:

> It's accurate to say that I hoped things between LCpl [SAB] and I might move in the direction of a romantic involvement at some point, but that we had never spoken any words to each other about that.  The only words were that he was straight and that nothing like that was going to happen between us.[2]

Eventually, this personal turmoil would surface as criminal conduct.  On 10 November 2013, during the early morning hours after the Marine Corps Ball, the appellant and LCpl SAB returned to the appellant's barracks room to sleep.  The appellant, only moderately drunk, helped his extremely intoxicated friend undress and climb into bed.

Once in bed, the appellant watched pornography, masturbated next to LCpl SAB, and ejaculated onto LCpl SAB's arm.  Instead of then going to sleep, the appellant engaged in sexual conduct with the semi-conscious victim, touching LCpl SAB's penis using LCpl SAB's own hand, rubbing against and touching LCpl SAB through his boxer shorts, and straddling him.

During this contact the appellant touched LCpl SAB's face, hooking his finger into LCpl SAB's mouth.  This act was the sole basis of his conviction of sexual assault.

---

[1]  Repeatedly at trial, the offense of indecent conduct was incorrectly identified as a violation of Article 120, UCMJ, 10 U.S.C. § 920.  We address this error below.

[2]  Defense Exhibit MM at 2.

Between each of these acts, the appellant paused-struggling internally over his conduct-before reengaging with his sleeping victim.

## Unreasonable Multiplication of Charges

Prior to testimony on the merits, the appellant objected to each of the charges as an unreasonable multiplication. In resolving the objection the military judge relied upon the pretrial statements of the appellant and LCpl SAB and applied *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001) to determine that "the charging scheme set forth by the government" was reasonable.[3] In reaching this conclusion, the military judge relied on multiple "breaks in the action" during the course of the assault.[4]

After the findings were announced, the appellant again raised an objection to the unreasonable multiplication of charges for sentencing. The military judge denied the oral motion referring by implication to his original findings and conclusions of law.[5]

### Analysis

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

We consider five non-exclusive factors to determine whether there is an unreasonable multiplication of charges:

(1) Whether the appellant objected at trial;

(2) Whether each charge and specification is aimed at distinctly separate criminal acts;

---

[3] Record at 70.

[4] *Id*. at 65, 67.

[5] *Id*. at 477. Of note, while it may be good practice for the military judge to reexamine this matter after findings are returned, it is not a requirement to do so. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting that "the charging scheme may not implicate the *Quiroz* factors in the same way that the sentencing exposure does").

(3) Whether the number of charges and specifications misrepresents or exaggerates the appellant's criminality;

(4) Whether the number of charges and specifications unreasonably increases the appellant's punitive exposure; and,

(5) Whether there is any evidence of prosecutorial overreaching or abuse in the drafting of the charges.

*Quiroz*, 55 M.J. at 338-39.  No one factor is a prerequisite. Instead, these factors are weighed together, and "one or more . . . may be sufficiently compelling[.]"  *United States v. Campbell,* 71 M.J. 19, 23 (C.A.A.F. 2012).

Charges may constitute unreasonable multiplication either as applied to findings or as applied to sentencing.  *Id*.

We review a military judge's ruling for an abuse of discretion.  *Id.* at 22.  "[T]he abuse of discretion standard of review recognizes that a judge has a range of choices and will not be reversed so long as the decision remains within that range."  *United States v. Gore*, 60 M.J. 178, 187 (C.A.A.F. 2004) (citing *United States v. Wallace*, 964 F.2d 1214, 1217 n.3 (D.C. Cir. 1992)).  This standard is "a strict one, calling for more than a mere difference of opinion."  *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010).  To be overturned, the military judge's action must be "'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'"  *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000) (quoting *United States v. Miller*, 46 M.J. 63, 65 (C.A.A.F. 1997)).

Solely on these facts and mindful of the standard of review, the military judge did not abuse his discretion in this case.

First, the appellant objected at trial.

Next, it was within the military judge's discretion to conclude that each offense "implicated multiple and significant criminal law interests, none necessarily dependent on the others."  *Campbell,* 71 M.J. at 24.  The numerous "breaks in the action" between the initial indecent exposure and the ejaculation; between ejaculation when the appellant cleaned himself and reengaging in sexual conduct with the victim; and between touching the victim's penis with the victim's own hand

4

and rubbing against the victim are sufficient facts from which to conclude that the Government's charging scheme did not unreasonably exaggerate the appellant's criminality.

Likewise, the charging scheme didn't unreasonably increase the maximum punishment. The maximum punishment for the greatest offense, the sexual assault, includes thirty years' confinement. The maximum punishment for conviction on specification 5 of Charge I, an offense which included various sexual contacts including touching the victim's buttocks, touching the victim's penis and rubbing the victim's penis against the appellant's buttocks through the clothing, includes an additional five years' confinement. The earlier sexual contact of grasping the victim's penis with the victim's own hand and the indecent exposure each include another five years' confinement. While the assault consummated by ejaculating on the victim's shoulder includes only six months' additional confinement.

Finally, there is no evidence in the record of prosecutorial overreaching or abuse in the drafting of the charges.

For these reasons, we conclude that the military judge did not abuse his discretion in ruling against the appellant's unreasonable multiplication motion.

**Sentence Appropriateness**

This court reviews sentence appropriateness *de novo.* *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). Sentence appropriateness involves the judicial function of assuring that justice is done and the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). In accordance with Article 66(c), UCMJ, this court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines . . . should be approved."

This determination should be made on the basis of the "entire record." Art. 66(c), UCMJ. What constitutes the "entire record" for review of sentence appropriateness has been understood to include not only evidence admitted at trial but also the matters considered by the CA in his action on the sentence. *United States v. Beatty*, 64 M.J. 456, 458 (C.A.A.F. 2007); *see also United States v. Simon,* 64 M.J. 205 (C.A.A.F. 2007) (holding that because a sentence appropriateness analysis is highly case specific, the details of a servicemember's post-

trial situation constitute an important element of a CCA's analysis).

Hewing to this guidance, we must review the matters considered by the CA when determining sentence appropriateness.

In reviewing the entire record, we are mindful of the abhorrent nature of the appellant's conduct and its effect on the victim. We recognize the support voiced by members of appellant's hometown community provided in lieu of a substantial service record.[6] Additionally, the record reveals that the appellant is truly remorseful for his misconduct and took prompt responsibility for his actions before the victim, investigators, the military judge, the members, and the CA. We also weigh the treatment he received from other prisoners while incarcerated post-trial.[7]

Based on the entire record, we conclude that justice was served, and the appellant received the punishment he deserved.

## Defective Specification

Finally, while not raised on appeal, Specification 8 of Charge I, indecent exposure, was incorrectly identified on the charge sheet[8] as a violation of Article 120, UCMJ, 10 U.S.C. § 920, vice Article 120c, UCMJ, 10 U.S.C. § 920c.

Where defects in a specification are raised for the first time on appeal, we will review the defect for plain error. *United States v. Humphries*, 71 M.J. 209, 213 (C.A.A.F. 2012). Under a plain error analysis, the appellant "has the burden of demonstrating that: (1) there was error; (2) the error was plain or obvious; and, (3) the error materially prejudiced a substantial right of the accused." *United States v. Tunstall*, 72 M.J. 191, 193-94 (C.A.A.F. 2013) (citation and internal quotation marks omitted).

A charge and specification are sufficient if they, first, contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend and,

---

[6] Understandably meager given the age of the appellant who was 19-years-old at the time of his crimes.

[7] See Detailed Defense Counsel Supplemental Request for Clemency of 20 Feb 2015, Enclosure (1) at 2

[8] Including the cleansed charge sheet, Appellate Exhibit XXXVIII.

second, enable the appellant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Norwood*, 71 M.J. 204, 206 (C.A.A.F. 2012).

If the above is met, designation of the statute under which the Government purported to lay the charge is immaterial. "'[The Government] may have conceived the charge under one statute which would not sustain the indictment but it may nevertheless come within the terms of another statute.'" *United States v. Rauscher*, 71 M.J. 225, 226 n.1 (C.A.A.F. 2012) (quoting *United States v. Hutcheson*, 312 U.S. 219, 229 (1941)).

In this case it was error to allege indecent exposure as a violation of Article 120, UCMJ, and that error was plain or obvious. But the specification contained every element of the intended offense, fairly informed the appellant of what he must defend against, and enabled the appellant to plead in bar of future prosecution. Outside the corners of the specification, the record demonstrates a full understanding by the parties of the offense alleged including during argument of counsel and instructions on findings. As a result the error did not materially prejudice a substantial right of the appellant.

## Conclusion

The findings and the sentence as approved by the CA are affirmed. The supplemental court-martial order shall correctly reflect Specification 8 of Charge I, as a violation of Article 120c, UCMJ.

For the Court


R.H. TROIDL
Clerk of Court