*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
CRISFIELD, HITESMAN, and GASTON
Appellate Military Judges

_____

**UNITED STATES**
Appellee

**v.**

**Kevin ORTIZ**
Lieutenant Junior Grade, U.S. Navy
Appellant

**No. 201800375**

Decided: 18 March 2020

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Derek D. Butler (arraignment)
Deborah Mayer (trial)

Sentence adjudged 16 August 2018 by a general court-martial convened at Naval Station Norfolk, Virginia, consisting of officer members. Sentence approved by the convening authority: confinement for 45 months and a dismissal.

For Appellant:
*Matthew J. Flynn, Esq.*
*Lieutenant Commander Jeremy J. Wall, JAGC, USN*

For Appellee:
*Lieutenant Timothy C. Ceder, JAGC, USN*
*Lieutenant Kimberly Rios, JAGC, USN*

Judge GASTON delivered the opinion of the Court, in which Chief Judge CRISFIELD and Senior Judge HITESMAN joined.

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

GASTON, Judge:

Appellant was convicted, contrary to his pleas, of one specification of attempted sexual abuse of a child and one specification of attempted sexual assault of a child, in violation of Article 80, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 880 (2012), for communicating indecent language to, and arranging to meet and have sex with, a fictitious 14-year-old named "Cassie," who was an online persona portrayed by Special Agent JS of the Air Force Office of Special Investigations [OSI].

Appellant asserts four assignments of error [AOEs],[1] all connected with the fact that the specifications of which he was convicted allege "Cassie," as opposed to Special Agent JS, as the object of the attempt offenses: (1) the specifications violated Appellant's constitutional right to fair notice to know what offense and under what theory he would be convicted; (2) the military judge erred by (a) instructing the members they must find beyond a reasonable doubt that "Cassie" was an individual believed by Appellant to be 14 years old (as opposed to finding that an actual child under the age of 16 named "Cassie" existed) and (b) prohibiting the defense counsel from arguing in closing that Appellant should be acquitted of the attempt offenses because no actual child under the age of 16 named "Cassie" had been proven to exist; (3) the evidence is legally and factually insufficient to sustain Appellant's convictions for attempting to sexually abuse and sexually assault a child under 16 named "Cassie," who was not proven to actually exist; and (4) the military judge abused her discretion in denying Appellant's motion under Rule for Courts-Martial [R.C.M.] 917, based on the Government's failure to prove a child under 16 named "Cassie" actually existed. We find no prejudicial error and affirm.

_____

[1] We have reordered the AOEs.

## I. BACKGROUND

As part of Air Force OSI's proactive efforts to combat Internet-based crimes against children, Special Agent JS set up a fictitious online persona named "cassiesoccergirl12" and posted an ad on the "Craigslist" website to the effect of "Stuck on Langley, bored; hit me up if you're interested."[2] Appellant responded to the ad, and a series of Internet-based message exchanges ensued in which Special Agent JS identified herself as "Cassie," told Appellant she lived with her parents, and said her father was in the Air Force. After the messages became more sexually charged and the two agreed to meet in person at a future date, Appellant asked, "How young are you," to which "Cassie" replied, "14."[3] Thereafter, Appellant asked for a "full body pic" and told "Cassie," among other things, "hmmm I'm trying to see all skin your whole body, legs, chest, all skin" and "hmm how my lips will feel when I kiss all over your body."[4] The two arranged to meet at a hotel on Langley Air Force Base to go "[a]ll the way," and "Cassie" told Appellant to bring condoms to their rendezvous.[5] Appellant was apprehended when he arrived at the prearranged lodging with condoms in his pocket. When questioned by investigators, Appellant said "Cassie" had told him she was 14, that he knew she was underage, and that they had arranged to meet up "to have sex."[6]

The Government subsequently charged Appellant with, among other things, attempted sexual abuse of a child for sending sexually-charged messages to "Cassie" and attempted sexual assault of a child for going to the hotel room to have sex with "Cassie." The charging language did not specify that "Cassie," the alleged child victim of the attempt offenses, was actually a fictitious online persona operated by Special Agent JS. The specifications of which Appellant was convicted under Article 80, UCMJ, read as follows:

> Specification 1: In that Lieutenant Junior Grade Kevin Ortiz, U.S. Navy, USS BULKELEY (DDG 84), on active duty, did, on board Langley Air Force Base, on 21 September 2017, attempt to commit a sexual act upon "Cassie," a child who had attained

---

[2] Record at 329.

[3] Pros. Ex. 1 at 3.

[4] *Id.* at 4, 6; Record at 511-12.

[5] *Id.* at 8; Record at 293.

[6] Pros. Ex. 4.

the age of 12 years, but had not attained the age of 16 years, to wit: penetration of her vagina with his penis.

Specification 4: In that Lieutenant Junior Grade Kevin Ortiz, U.S. Navy, USS BULKELEY (DDG 84), on active duty, did, at or near Chesapeake, VA, on divers occasions on or about September 2017, attempt to commit a lewd act upon "Cassie", a child who had not yet attained the age of 16 years old, to wit: intentionally communicate indecent language to "Cassie" via KIK messaging application, to wit: "hmmm I'm trying to see all skin your whole body, legs, chest, all skin" and "hmm how my lips will feel when I kiss all over your body," or words to that effect.

At trial, at the close of the Government's case, Appellant's trial defense counsel moved for a finding of not guilty on all charges and specifications under R.C.M. 917, arguing the Government had charged, but not proven, that an actual child under 16 named "Cassie" existed. The military judge denied the motion. She reasoned that the specifications' use of quotations around the name, "Cassie," in conjunction with the evidence adduced at trial (which included the testimony of Special Agent JS), was sufficient to convey that the child victim alleged in the attempt specifications was a fictitious persona used by law enforcement to interact with Appellant in the context of an undercover operation. The military judge further reasoned that the charging scheme, in conjunction with the discovery provided to the Defense, gave Appellant adequate notice of the attempt offenses he needed to defend against at trial.

Subsequently, over Defense objection, the military judge instructed the members that they must find beyond a reasonable doubt in connection with certain overt acts that "Cassie" was an individual Appellant *believed* to be 14 years old, as opposed to an actual child under 16. When the Defense counsel then attempted to argue in closing for acquittal based on the Government's failure to prove an actual child under 16 named "Cassie" existed, the military judge sustained the trial counsel's objection, ruling that the argument was inconsistent with her instructions and thus a misstatement of the law.

Additional facts necessary for resolution of the AOEs are included in the discussion below.

## II. DISCUSSION

### A. Constitutional Right to Notice

Appellant asserts that by alleging a child named "Cassie" as the victim of the attempt offenses, the Government deprived him of his constitutional due process right to fair notice, which mandates that he be informed of what offense and under what legal theory he must defend against. *See United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010). We disagree.

"The military is a notice pleading jurisdiction." *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011) (citing *United States v. Sell*, 11 C.M.R. 202, 206 (C.M.A. 1953)). Encompassing the notice requirement, the rules of procedure provide that a specification of a charge need contain only "a plain, concise, and definite statement of the essential facts constituting the offense charged" and is sufficient as long as it "alleges every element of the charged offense expressly or by necessary implication." R.C.M. 307(c)(3). "The requirement to allege every element expressly or by necessary implication ensures that [an accused] understands what he must defend against . . . ." *Fosler*, 70 M.J. at 229. For attempt offenses, it is not necessary to allege the overt act or the elements of the underlying "target" offense, so long as there is sufficient specificity to make the accused aware of the nature of the offense. *United States v. Norwood*, 71 M.J. 204, 206-07 (C.A.A.F. 2012) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007)).

The two specifications at issue here satisfy these notice requirements. They allege that Appellant attempted to commit certain target offenses (sexual abuse of a child and sexual assault of a child). They include specific language putting Appellant on notice of the theory of each target offense—i.e., communicating certain language for the attempted sexual abuse specification and committing a certain sexual act for the attempted sexual assault specification. And they specify "Cassie" (including the quotation marks) as the alleged child under the age of 16 for those target offenses. We agree with the trial court's reasoning that the charging scheme for these attempt offenses, including the use of using quotation marks around the name, "Cassie," in conjunction with the information provided in discovery, left the Defense with no doubt that the victim alleged in these specifications was a fictitious online persona interacting with Appellant in the context of an undercover law enforcement operation. Appellant's civilian defense counsel admitted as much at trial during his argument for a finding of not guilty under R.C.M. 917, when he agreed that not only was the Defense "on notice

of the facts of this case,"[7] but also that the Government did "notify the accused of all the elements" in the attempt specifications.[8]

Based on the language of the specifications, and in light of the evidence adduced at trial, Appellant was adequately informed as to the nature of the charges he had to defend against. We find his claim of lack of notice in this regard to be without merit.

## B. Instructions and Argument

Appellant asserts the military judge erred (1) by instructing the members that for the overt act element of each attempt offense they had to find beyond a reasonable doubt that "Cassie" was an individual Appellant *believed* to be 14 years old, as opposed to an actual child under 16; and (2) by not allowing his trial defense counsel to argue in closing that Appellant should be acquitted based on the Government's failure to prove an actual child under 16 named "Cassie" existed. We discuss each in turn.

### 1. Instructional error

Appellant asserts the trial court erred in its instructions regarding the overt acts for the two attempt specifications. We review the propriety of instructions given by the trial court de novo. *United States v. Quintanilla*, 56 M.J. 37, 83 (C.A.A.F. 2001).

For each specification, the military judge instructed the members they must find beyond a reasonable doubt that Appellant did a certain act with respect to "Cassie" (traveling to her on-base lodging for the attempted sexual assault specification; communicating certain language to her for the attempted sexual abuse specification) and further described "Cassie" as an individual "the accused believed to be 14 years old." Here, as at trial, Appellant argues this descriptive language is inconsistent with the language charged in the specifications and therefore erroneous. We disagree.

"The military judge's instructions are intended to aid the members in the understanding of terms of art, to instruct the members on the elements of each offense and to explain any available defenses." *United States v. Wolford*, 62 M.J. 418, 420 (C.A.A.F. 2006); *see also* R.C.M. 920(e). The military judge has "wide discretion in choosing the instructions to give but has a duty to

---

[7] Record at 454.

[8] *Id.* at 451.

provide an accurate, complete, and intelligible statement of the law." *United States v. Behenna*, 71 M.J. 228, 232 (C.A.A.F. 2012).

Here, the military judge gave the standard "attempt" instructions found in the Military Judges' Benchbook, Dep't of Army, Pam. 27-9 para. 3-4-1 (Sep. 10, 2014) [Benchbook], and appropriately tailored them to the target offenses and the facts of the case. She instructed that the members must find beyond a reasonable doubt not only each element of attempt, including that Appellant committed a certain overt act, but also that he *intended* every element of the target offenses, including that the alleged victim was under the age of 16 years. In instructing on the overt acts, the military judge appropriately described the act at issue in each specification that pertained to "Cassie" as "an individual the accused believed to be 14 years old." Notwithstanding Appellant's argument, we view this language not as adding an additional element not present in the charging language, but as appropriately tailoring the overt act element of the attempt instructions to the evidence adduced at trial. Indeed, this language is precisely what was borne out by the evidence—that Cassie was a fictitious online persona operated by Special Agent JS who represented herself to be 14 years old in her communications with Appellant. In using this instructional language, the military judge was fulfilling her duty to provide an accurate, complete, and intelligible statement of the law.

We upheld similar instructional language in a case involving similar attempt charges stemming from a similar undercover law enforcement operation. *United States v. Keeter*, No. 201700119, 2018 CCA LEXIS 474 (N-M. Ct. Crim. App. Oct. 3, 2018) (unpub. op.), *rev. denied*, 78 M.J. 350 (C.A.A.F. 2019). In *Keeter*, we took an approving view of "the military judge's repeated and correct description of the government's burden to prove that the appellant *believed* that Cris [the name of the alleged victim in that case, who in reality was the persona of an adult law enforcement agent] was under 16." *Id.* at *11 (emphasis in original). We further discussed that the trial court's correctly tailored attempt instruction could have been given even greater clarity "by giving the optional Benchbook instruction on factual impossibility in the context of attempts." *Id.* at *12.

This extra step of clarification is precisely what the military judge did here: she included an instruction regarding factual impossibility for both specifications, which the facts in evidence raised. Indeed, that was the very crux of the matter in this case—that it was impossible for Appellant to complete the target offenses of the attempt specifications because an actual 14-year-old child named "Cassie" did not exist, but was in fact the fictional persona of an undercover agent. The military judge's instructions thus properly advised the members that Appellant could still be found guilty of

*attempting* the target offenses if the facts were as he *believed* them to be, not as they actually were. *See Manual for Courts-Martial, United States* (2016 ed.), pt. IV, ¶ 4.c.(3) ("A person who purposely engages in conduct which would constitute the offense if the attendant circumstances were as that person *believed* them to be is guilty of an attempt.") (emphasis added).

Accordingly, we find no error in the military judge's instructions.

### 2. Curtailing defense argument

Appellant also asserts, here as at trial, that it was error for the military judge not to allow his trial defense counsel to argue in closing that Appellant should be acquitted based on the Government's failure to prove an actual child under 16 named "Cassie" existed. We disagree.

The members of a court-martial are required to accept and use the instructions on the law given them by the military judge. R.C.M. 502(a)(2). As discussed above, the military judge was correct in her instructions that the members need only find that "Cassie" was an individual Appellant believed to be 14, not that an actual child under 16 named "Cassie" existed. The military judge was therefore proper in prohibiting the Defense from making such an argument in its summation, which was premised on a misstatement of the law in direct conflict with her instructions.

## C. Legal and Factual Sufficiency

Appellant asserts the evidence adduced at trial is legally and factually insufficient to support his convictions. We review questions of legal and factual sufficiency de novo. Art. 66(c), UCMJ; *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002).

Similar to his other AOEs, Appellant contends principally that the evidence failed to meet up with the language charged in the specifications, in that no actual child under the age of 16 named "Cassie" was proven to exist. However, these are specifications of *attempt* under Article 80, UCMJ, not specifications of the target offenses of sexual abuse of a child and sexual assault of a child under Article 120b, UCMJ. In order to prove attempt, the Government need only prove that Appellant specifically *intended* each element of the target offenses, which here included that the alleged victim was under the age of 16, not that he completed them. *See* 10 U.S.C. § 880(a) ("An act, done with specific intent to commit an offense under [the UCMJ], amounting to more than mere preparation and tending, *even though failing*,

to effect its commission, is an attempt to commit that offense") (emphasis added). Thus, we find Appellant's belief that "Cassie" was 14 years old satisfies the pertinent elements of these attempt offenses; proof that an actual child under 16 named "Cassie" existed is not required.[9]

After carefully reviewing the record of trial and considering the evidence in the light most favorable to the prosecution, we are persuaded that a reasonable fact-finder could have found all the essential elements of attempted sexual abuse of a child and attempted sexual assault of a child beyond a reasonable doubt; hence, the evidence is legally sufficient. *See United States v. Turner*, 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Furthermore, after weighing the evidence in the record of trial and recognizing that we did not personally see the witnesses' testimony, we are convinced beyond a reasonable doubt of Appellant's guilt of these attempt offenses; hence, the evidence is factually sufficient. *See Turner*, 25 M.J. at 325.

### D. Motion for Finding of Not Guilty

Finally, Appellant asserts the trial court erred in failing to grant a Defense motion for a finding of not guilty under R.C.M. 917 for the two specifications of which Appellant was convicted. As we have found the convictions themselves to be legally and factually sufficient, we find this AOE to be without merit. *See United States v. Lopez*, 2013 CCA LEXIS 579, at *9 (N-M. Ct. Crim. App. Jul 30, 2013) (unpub. op.) (finding a conviction legally and factually sufficient moots the issue of whether the trial court erred in denying a defense motion for a finding of not guilty under R.C.M. 917 for that specification).

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the approved findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred. Arts. 59, 66, UCMJ. However, we note that in the parenthetical descriptions of the specifications under of Charge I, the court-martial order (CMO) does not accurately reflect that Appellant was charged

---

[9] Appellate counsel's apparent confusion regarding the law of attempt merits neither further discussion nor relief. *See United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

with and convicted of "*Attempted* Sexual Assault of a Child" and "*Attempted* Sexual Abuse of a Child." Although we find no prejudice from these scrivener's errors, Appellant is entitled to have court-martial records that correctly reflect the content of his proceeding. *United States v. Crumpley*, 49 M.J. 538, 539 (N-M. Ct. Crim. App. 1998). Accordingly, we order correction of the records in this case to accurately reflect Appellant's pleas and convictions for those *attempt* offenses. The findings and sentence as approved by the convening authority are **AFFIRMED**.

Chief Judge CRISFIELD and Senior Judge HITESMAN concur.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court