# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WILLIAMS, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class ELIJAH T. MUNN**
**United States Army, Appellant**

ARMY 20250252

Headquarters, III Corps and Fort Hood
Maureen A. Kohn, Military Judge
Lieutenant Colonel Shaun B. Lister, Special Trial Counsel

For Appellant: Lieutenant Colonel Kyle C. Sprague, JA; Major Beau O. Watkins, JA.

For Appellee: Pursuant to A.C.C.A. Rule 17.4, no response filed.

25 February 2026

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent*

WILLIAMS, Judge:

Appellant assigned no error and submitted his case on its merits. We find the special court-martial lacked subject matter jurisdiction over one of the specifications referred to it. Accordingly, we provide appropriate relief in our decretal paragraph.

A military judge sitting as a special court-martial convicted appellant, pursuant to his plea, of a specification of attempted patronage of a prostitute, in violation of Article 80, Uniform Code of Military Justice, 10 U.S.C. § 880 [UCMJ]. In accordance with the plea agreement, the government moved to dismiss, without prejudice to ripen into prejudice, a specification of attempted sexual assault of a child and a specification of patronizing a prostitute in violation of Articles 80 and 134, UCMJ. The military judge granted the government's motion prior to entering findings. However, the special-court martial lacked jurisdiction for the specification of attempted sexual assault of a child and could not conditionally dismiss it.

## BACKGROUND

Appellant was caught in a sting operation. Through a website, appellant connected with a law enforcement officer posing as a sex worker. Appellant negotiated a fee for oral sodomy and agreed to meet the person he believed to be a prostitute at a local hotel. When appellant arrived at the hotel, local law enforcement arrested him.

The government preferred two charges. It preferred a charge of attempt pursuant to Article 80, UCMJ and a charge of patronage of a prostitute in violation of Article 134. Within the charge of attempt the government preferred two specifications: (1) attempted patronage of a prostitute, and (2) attempted sexual assault of a child.[1]

Appellant offered to plead guilty to attempted patronage of a prostitute and not guilty to the attempted sexual assault of a child and the patronage of a prostitute. In exchange for his offer to plead guilty, the special trial counsel agreed to refer all charges and their specifications to a special court-martial. Further, the special trial counsel agreed to move to conditionally dismiss the specifications and charge to which appellant pleaded not guilty.

Appellant performed all his obligations under the agreement, and the trial counsel subsequently moved to dismiss the attempted sexual assault of a child and patronage of a prostitute offenses. The military judge granted the motion and dismissed the specifications without prejudice, to ripen into prejudice upon completion of appellate review. Then the military judge entered a guilty finding for attempted patronage of a prostitute.

## LAW

The jurisdiction of a special court-martial over a given offense is a question of law we review de novo. *See United States v. Henderson*, 59 M.J. 350, 351–52 (C.A.A.F. 2004) (describing special courts-martial jurisdiction over non-mandatory capital offenses) (citing *United States v. Melanson*, 53 M.J. 1, 2 (C.A.A.F. 2000). "Jurisdiction over the person, as well as jurisdiction over the subject matter, may not

---

[1] The specification, alleged appellant "attempt[ed] to sexually assault a child between the ages of 12 and 16 by causing contact between the child's mouth and [appellant's] penis." Thus, the language included all elements of an Article 120b(b), UCMJ offense. *United States v. Norwood*, 71 M.J. 204, 207 (C.A.A.F. 2012) (noting an attempt specification must provide "sufficient specificity" so an accused "is aware of the nature of the underlying target or predicate offense"); *see also* Rule for Courts-Martial [R.C.M.]. 307(c)(3) (observing a specification is sufficient if it "alleges every element of the charged offense expressly or by necessary implication").

be the subject of waiver." *United States v. Garcia*, 5 C.M.A. 88, 94, 17 C.M.R. 88, 94 (1954).

General courts-martial have exclusive jurisdiction over offenses alleging violations of Articles 120(a)–(b) and 120b(a)–(b), UCMJ, and attempts to commit these offenses charged under Article 80, UCMJ. Article 18(c)(1)–(3)[2], UCMJ; R.C.M. 201(1)(D); R.C.M. 201(2)(D). Thus, special courts-martial lack jurisdiction over these offenses, and offenses charged under Articles 120(a), 120(b), 120b(a), 120b(b) and attempts thereof "shall not be referred to a special court-martial." R.C.M. 201(2)(D).

## DISCUSSION

The special court-martial convened to try appellant's case lacked jurisdiction over the alleged attempted sexual assault of a child. As noted, Specification 1 of Charge II alleged appellant attempted to sexually assault a child. Sexual assault of a child is an Article 120b(b), UCMJ offense. Accordingly, only a general court-martial could exercise subject matter jurisdiction over the charged attempt offense. Article 18(c)(3); R.C.M. 201(1)(D). The specification should not have been referred to a special court-martial. R.C.M. 201(2)(D).

For want of jurisdiction, the special court-martial could not dismiss the sexual assault of a child specification with prejudice, conditioned upon completion of appellate review. *See Henderson*, 59 M.J. at 354 (setting aside the finding of guilty to a charge over which the special court-martial lacked jurisdiction and affirming unaffected charges and specifications); *see also* R.C.M. 907(b)(1) (stating a charge or specification "shall be dismissed at any stage of the proceedings if the court-martial lacks jurisdiction to try the accused for the offense."). Consequently, the military judge's conditional dismissal of the affected specification is void.

The special court-martial convened maintained subject matter jurisdiction over the remaining charges and specifications. Thus, the military judge's acceptance of appellant's plea of guilty to attempted patronage of a prostitute was legally valid.[3]

---

[2] The National Defense Authorization Act for Fiscal Year 2014 amended Article 56, UCMJ to require a dismissal or dishonorable discharge when a soldier is found guilty of an offense charged under Articles 120(a)–(b) and 120b(a)–(b) and attempts to commit these offenses charged under Article 80, UCMJ. Pub. L. No. 113–66 § 1705(a) (2013). The Act further amended Article 18, UCMJ to limit jurisdiction on these offenses to general courts-martial. Pub. L. No. 113–66 § 1705(b). These amendments took effect 180 days after the Act's enactment (26 December 2013) and applied to offenses committed after that date. Pub. L. No. 113–66 § 1705(c).

[3] The military judge's conditional dismissal of The Specification of Charge II was equally valid.

A question remains whether appellant's plea was provident if the court-martial could not conditionally dismiss a specification as contemplated by a term in his plea agreement.

Appellant's agreement with special trial counsel, included language that protects him from further prosecution on the attempted sexual assault of a child specification. Even after the military judge's ultra vires conditional dismissal is set aside, the government may not refer the affected specification to a general court-martial.[4] Thus, so long as appellant's guilty plea survives appellate review, the government could not refer the affected specification to a court-martial.[5] We find no reason to question the voluntariness or factual basis for appellant's guilty plea to the attempted patronage of a prostitute specification. Further, because appellant remains protected from further prosecution on attempted sexual assault of a child, irrespective of the jurisdictional error, we find his plea of guilty provident.

## CONCLUSION

Specification 1 of Charge I, the attempted sexual assault of a child offense, which the trial court lacked jurisdiction to dispose, is DISMISSED. The finding of guilty and sentence are AFFIRMED.

Judge COOPER and Judge SCHLACK concur.

FOR THE COURT:



/JAMES W. HERRING, JR/
Clerk of Court

---

[4] Paragraph 7(d) of the plea agreement dictates that in exchange for appellant's performance on the contract "the United States Army agree[d] not to prefer or *refer* charges for any misconduct which the [g]overnment had or should have knowledge at the time the [c]onvening [a]uthority[4] [sic] signed [the] agreement." Certainly, the government was aware of the misconduct described in Specification 1 of Charge I when special trial counsel signed the agreement.

[5] Because appellant pleaded guilty, fulfilled his obligations under the agreement at trial, and the military judge accepted his guilty plea, the only remaining basis for the referral authority to withdraw from the agreement would be if appellant's plea is found improvident during appellate review.