UNITED STATES, Appellee,

v.

David E. BRYANT, Sergeant, U.S. Army, Appellant.

No. 62,687.

CM 8800795.

U.S. Court of Military Appeals.

April 12, 1990.

For Appellant: *Captain Jeffrey J. Fleming* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Captain Thomas A. Sieg* (on brief); *Colonel John T. Edwards.*

For Appellee: *Captain Denise J. Arn* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Major Kathryn F. Forrester* (on brief).

*Opinion of the Court*

COX, Judge:

Appellant was tried by a military judge sitting as a general court-martial, at Wuerzburg, Federal Republic of Germany. Contrary to his pleas, he was found guilty of conspiracy to distribute drugs and wrongful distribution of marijuana and heroin, in violation of Articles 81 and 112a, Uniform Code of Military Justice, 10 USC §§ 881 and 912a, respectively. He was sentenced to 5 years' confinement, total forfeitures, reduction to pay grade E–1, and a dishonorable discharge. This sentence was approved by the convening authority. The Court of Military Review affirmed the findings and sentence. 28 MJ 504 (1989). This Court granted review of the following issues:

## I

WHETHER THE ADDITIONAL CHARGE AND ITS SPECIFICATION (CONSPIRACY TO DISTRIBUTE DRUGS) FAILS TO STATE AN OFFENSE UNDER THE UNIFORM CODE OF MILITARY JUSTICE IN THAT IT DOES NOT ALLEGE THE ESSENTIAL ELEMENT OF CRIMINALITY, OR "WRONGFULNESS," OF THE UNDERLYING OFFENSE.

## II

WHETHER THE ARMY COURT OF MILITARY REVIEW INCORRECTLY APPLIED THE RULE OF *UNITED STATES V. WATKINS*, 21 MJ 208 (CMA 1986), TO FIND AN OFFENSE WAS "FAIRLY IMPLIED" WHEN APPELLANT PLED NOT GUILTY TO THE CHARGE AND TIMELY CHALLENGED THE SUFFICIENCY OF THE SPECIFICATION AT TRIAL.

Prior to entering pleas, appellant moved to dismiss the Additional Charge and its specification because the pleadings failed to allege that the conspiracy to distribute drugs was "wrongful." The specification alleged that appellant

> did, at Ochsenfurt, Germany, a place located outside the territorial limits of the United States, on or between 15 October 1987 and 20 November 1987, *conspire* with Alfred Murillo *to commit an offense under the Uniform Code of Military Justice,* to wit: *distribution of controlled substances,* and in order to effect the object of the conspiracy the said Sergeant David E. Bryant and/or Alfred Murillo drove from Wuerzburg, Germany to Frankfurt, Germany, and *purchased quantities of heroin and/or hashish.*

(Emphasis added.)

■ The Sixth Amendment requires that an accused be afforded adequate notice of the offense with which he is charged, and the Fifth Amendment requires that he be protected from further prosecution for the same offense. *Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1047, 8 L.Ed. 2d 240 (1962); *Wong Tai v. United States,* 273 U.S. 77, 80–81, 47 S.Ct. 300, 301, 71 L.Ed. 545 (1927).

■ This Court has viewed defective specifications with maximum liberality when an accused pleads guilty to the offense and only challenges the specification for the first time on appeal. *United States v. Brecheen,* 27 MJ 67 (CMA 1988); *United States v. Watkins,* 21 MJ 208 (CMA 1986).[1] Under such circumstances, a specification need not expressly allege all elements of an offense, but it must at least aver all elements by implication. Further, upon such a challenge, an appellant must show substantial prejudice, demonstrating that the charge was "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Watkins, supra* at 210 [*quoting United States v. Thompson,* 356 F.2d 216, 226 (2d Cir.1965), *cert. denied,* 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966) ]. However, a specification that is challenged before trial and to which an accused ultimately pleads not guilty has not been and shall not be viewed so liberally. *Cf. United States v. Watkins, supra* at 209. See C.Wright, *Federal Practice and Procedure: Criminal* 2d § 123 at 354–55 (1982).

Although the Additional Charge and specification in this case are viewed in a more critical light, appellant cannot be heard to say, either at trial or upon appeal, that the charge and specification were insufficient to inform him of the offense against which he had to defend. While this Court has held a charge to be insufficient because it did not allege every element of the offense, *United States v. Brice,* 17 USCMA 336, 38 CMR 134 (1967), we have

---

1. The same rule has been applied by other federal courts. *See United States v. Edrington,* 726 F.2d 1029 (5th Cir.1984); *United States v. Pheaster,* 544 F.2d 353 (9th Cir.1976), *cert. denied,* 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977); *United States v. Thompson,* 356 F.2d 216 (2d Cir.1965), *cert. denied,* 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966).

recognized, particularly for a charge of conspiracy, that *"it is not essential to the validity of the charge that the offense that is the object of the agreement be described with technical precision."* *United States v. Irwin,* 22 USCMA 168, 169, 46 CMR 168, 169 (1973) (emphasis added), *citing Wong Tai v. United States, supra.* "[P]ractical, rather than technical considerations govern the validity of" the charge. *See United States v. Stefan,* 784 F.2d 1093, 1102 (11th Cir.) (indictment which stated defendant "knowingly" instead of "knowingly and willfully" made false statement was sufficient), *cert. denied,* 479 U.S. 855, 107 S.Ct. 193, 93 L.Ed.2d 125 (1986); *cf. United States v. McCollum,* 13 MJ 127 (CMA 1982).[2]

■ Article 81 prescribes that "[a]ny person subject to this chapter who conspires with any other person to commit an offense under this chapter shall, if one or more of the conspirators does an act to effect the object of the conspiracy, be punished as a court-martial may direct." Para. 5a, Part IV, Manual for Courts–Martial, United States, 1984. In the present case, the Charge and specification informed appellant that he was accused of committing a "conspir[acy]," the object of which was "to commit an offense under the Uniform Code of Military Justice, to wit: distribution of controlled substances, and in order to effect the object of the conspiracy ... [appellant] and/or Alfred Murillo ... purchased quantities of heroin and/or hashish." Appellant certainly was put on notice that he was accused of making an agreement to commit a crime. Thus, the specification sufficiently expressed the words of criminality essential to the offense.

We recognize that wrongfulness is an element of the object of the conspiracy to distribute controlled substances. Art. 112a; *United States v. Brecheen, supra* at 68; *United States v. Brice, supra.* Because we are concerned that the element was deleted, if only inadvertently, we now echo the admonition of both past and present judges of the Fourth Circuit that

> "[i]t is beyond ... understanding that a ... [prosecutor] would undertake to draw ... [a charge] without having before him the statute which defines the offense, or, having the statute before him could be so careless as to omit allegations meeting the statutory definition of one of the essential elements of the crime."

*United States v. Hooker,* 841 F.2d 1225, 1232 (4th Cir.1988) (*en banc*).

■ As this was a conspiracy charge, however, the gist of the offense was the agreement. *United States v. Irwin, supra.* Appellant was given express notice that the object of the conspiracy was the violation of a federal statute, a provision of the Uniform Code of Military Justice. Article 112a expressly requires that the distribution must be "wrongful" to effect criminal liability. Para. 37b(3)(b), Part IV, Manual, *supra.* Thus, when a charge of conspiracy "specifically refers to the statute on which the" object offense is "based, the statutory language may be used to determine whether" an accused "received adequate notice." *Cf. United States v. Stefan, supra* at 1101–02 (citation omitted). The object of the conspiracy, "wrongful distribution," was therefore adequately alleged.[3]

---

2. The federal circuits are in disagreement as to whether failure to state every element of an offense in an indictment renders it constitutionally defective. *Compare United States v. Hart,* 640 F.2d 856 (6th Cir.1981), *cert. denied,* 451 U.S. 992, 101 S.Ct. 2334, 68 L.Ed.2d 853 (1981), and *United States v. Stefan,* 784 F.2d 1093, 1102 (11th Cir.), *cert. denied,* 479 U.S. 855, 107 S.Ct. 193, 93 L.Ed.2d 125 (1986), *with United States v. Pupo,* 841 F.2d 1235 (4th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 113, 102 L.Ed.2d 87 (1988), and *United States v. Shelton,* 848 F.2d 1485 (10th Cir.1988).

3. Although not raised in this appeal, we are at a loss to understand why the military judge did not simply order the Government to amend the Charge. *See* RCM 603, Manual for Courts–Martial, United States, 1984. Because we now hold that appellant was given sufficient notice of the crime alleged, it is doubtful that such an amendment would have been a fatal variance, particularly since the amended specification would not have differed as to the date of the distribution, the quantity distributed, or the parties involved. *United States v. Irwin,* 22 USCMA 168, 46 CMR

The court below did not, as appellant avers, improperly apply the post-trial liberal-construction rule regarding the sufficiency of a specification. Rather, the proper conclusion in this case is that, although the Additional Charge and specification were challenged at trial, thus requiring that the pleadings be examined with greater scrutiny on appeal, the result is still that the pleadings adequately informed appellant of the offense against which he had to defend.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge SULLIVAN concur.

168 (1973). By the same token, if defense counsel had felt it necessary, he would have been entitled to a continuance or a bill of particulars regarding the amended charge.