**UNITED STATES**

v.

**Shane A. SMYTHE, Boatswain's Mate Third Class, U.S. Coast Guard.**

**CGCMS 24059.**
**Docket No. 1011.**

U.S. Coast Guard Court of Military Review.

14 July 1993.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel Four, BAUM, BASTEK and EDWARDS, JJ.

BAUM, Chief Judge:

Appellant was tried by special court-martial judge alone. Pursuant to his pleas, he was convicted of the following offenses: one specification of conspiracy to make false official statements, one specification of violation of a lawful general order, one specification of making a false official statement, one specification of assault consummated by a battery, and one specification of adultery in violation of Articles 81, 92, 107, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, 907, 928, 934. The judge sentenced Appellant to a bad conduct discharge, confinement for two months, and reduction to pay grade E–3. That sentence was within the terms of a pretrial agreement and was approved by the convening authority as adjudged. Before this Court, Appellant has assigned the following errors:

I

SPECIFICATION 1 OF CHARGE I, ALLEGING A CONSPIRACY, FAILS TO STATE AN OFFENSE BECAUSE IT FAILS TO ALLEGE ANY OVERT ACT DONE FOR THE PURPOSE OF BRINGING ABOUT THE OBJECT OF THE CONSPIRACY, AN ESSENTIAL ELEMENT OF THE OFFENSE

II

THIS COURT LACKS AUTHORITY TO AFFIRM THE FINDINGS AND SENTENCE BECAUSE ITS CIVILIAN JUDGES WERE APPOINTED IN VIOLATION OF THE APPOINTMENTS CLAUSE OF THE CONSTITUTION

III

THE PRESENCE OF COLLATERAL DUTY JUDGES UPON THIS COURT

Trial Counsel: LCDR H.A. Black, III, USCG.

Detailed Defense Counsel: LT Robert J. Hunt, JAGC, USNR.

DENIES APPELLANT DUE PROCESS OF LAW

## I

Appellant pled guilty to a specification which alleged a conspiracy with others "to commit an offense under the Uniform Code of Military Justice, to wit: to make false official statements" to an officer conducting an official investigation. No overt act in furtherance of that conspiracy was alleged, which prompted the following colloquy:

> MJ: Looking at the two remaining specifications here. Mr. Black [the trial counsel], as I look at the conspiracy specification, there is no allegation of an overt act in the specification. What is the government's theory of the overt act?
>
> TC: The governments's theory is that following the agreement between the parties to make the false statement to Lieutenant Commander Durham, all of the parties listed in the conspiracy including the accused subsequently made false statements to Commander Durham.
>
> MJ: Mr. Hunt [the defense counsel], is that your understanding. Was the defense misled in anyway [sic] by the failure to allege that overt act?
>
> DC: No, sir. We have not been misled.
>
> MJ: Is this alleged false statement what is alleged in Specification 1 under Charge III?
>
> TC: Yes, sir; it is.

Record at 39.

Thereafter the military judge explained the elements of the offense of conspiracy as alleged and included the following:

> MJ: The SECOND element is that while this agreement between all of you continued to exist, and while you remained a party to that agreement, you and or one of the other individuals that were part of the agreement performed an overt act; specifically, you made these false statements to Lieutenant Commander Durham sometime in February. And, the purpose of making those statements was to bring about the object

of the conspiracy which was to mislead anyone that was investigating what happened sometime in January. Do you understand that?

> ACC: Yes, sir.
>
> MJ: Now, this charges you with conspiring to commit the offense of making false official statements, so I have to give you those elements also.
>
> ACC: Yes, sir.
>
> MJ: These elements will also apply to Charge III, Specification 1——
>
> ACC: Yes, sir.
>
> MJ: ——since that is the "official statement" offense. The elements of making a false official statement are as follows:
>
> That at the time and place alleged in the specification; specifically, in spec 1 under Charge III, sometime during February of 1992, you made a certain false official statement to Lieutenant Commander Brian N. Durham. Specifically, that at a swimming incident off Waikiki Beach, female crew members from Station Honolulu were attired in shorts borrowed from another crew member. That is the statement that you are alleged to have made to Lieutenant Commander Durham.
>
> ACC: Yes, sir.
>
> MJ: The SECOND element is that this statement was totally false.

Record at 40–41.

The judge elicited from the accused facts that supported all the elements of the conspiracy offense as well as the false official statement specification and found the accused guilty of both offenses. In doing so, however, he did not direct modification of the conspiracy specification nor was it ever amended to reflect the overt act element, despite acknowledgment by all parties that such was a required element of the offense. Before this Court, Appellant has challenged that element's omission for the first time.

 In evaluating this assigned error, Judge Cox's opinion in *U.S. v. Bryant*, 30 M.J. 72 (C.M.A.1990) provides pertinent guidance. That case also involved a con-

spiracy specification with a missing allegation. It failed to allege that the object of the conspiracy was wrongful and, thus, was a criminal offense. In affirming the conviction, the Court stated:

This Court has viewed defective specifications with maximum liberality when an accused pleads guilty to the offense and only challenges the specification for the first time on appeal. *United States v. Brecheen*, 27 M.J. 67 (C.M.A.1988); *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986). Under such circumstances, a specification need not expressly allege all elements of an offense, but it must at least aver all elements by implication. Further, upon such a challenge, an appellant must show substantial prejudice, demonstrating that the charge was "so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *United States v. Watkins, supra* at 210 [*quoting United States v. Thompson*, 356 F.2d 216, 226 (2d Cir.1965), *cert. denied*, 384 U.S. 964, 86 S.Ct. 1591, 16 L.Ed.2d 675 (1966)]. However, a specification that is challenged before trial and to which an accused ultimately pleads not guilty has not been and shall not be viewed so liberally. *Cf. United States v. Watkins, supra* at 209. *See* C. Wright, *Federal Practice and Procedure: Criminal* 2d § 123 at 354–55 (1982). (footnote omitted)

*Id.* at 73.

In *Bryant,* the accused had challenged the specification at trial as failing to state an offense and subsequently pled not guilty after losing that motion. Accordingly, the Court viewed the case in a more critical light, rather than with maximum liberality. Nevertheless, the Court determined that the conviction would be affirmed, despite the missing allegation of wrongfulness necessary to impute criminality to the underlying object of the conspiracy. In reaching this conclusion, the Court said:

In the present case, the Charge and specification informed appellant that he was accused of committing a "conspir[acy]," the object of which was "to commit an offense under the Uniform Code of Military Justice, to wit: distribution of controlled substances, and in order to effect the object of the conspiracy ... [appellant] and/or Alfred Murillo ... purchased quantities of heroin and/or hashish." Appellant certainly was put on notice that he was accused of making an agreement to commit a crime. Thus, the specification sufficiently expressed the words of criminality essential to the offense.

*Id.* at 74.

■ An entire critical element is missing from the specification before this Court, not just the word "wrongfully." In judging the effect of this omission we will apply the maximum liberality standard expressed in *U.S. v. Bryant, supra,* since Appellant pled guilty at trial and has raised this specification defect for the first time at this level. Upon making our review, we note that the conspiracy specification, standing alone, cannot be read to imply the missing overt act. That specification should have been amended to reflect the missing element. The trial counsel could have taken that step on his own initiative or the judge could have ordered it done. Their failures in this regard are not deemed fatal, however, under the unique circumstances of this case.

The judge explained all the elements of the conspiracy offense, including the overt act in furtherance of the conspiracy. Furthermore, that overt act of making a false official statement was alleged in a separate specification to which Appellant pled guilty. It was explained as a separate offense with all its necessary elements and also as an element of the conspiracy offense. The two written specifications, together with the verbatim record of the judge's explanation, fully protect Appellant from further prosecution for both of these offenses. Moreover, the record also makes it clear that Appellant was fully on notice of the requirement for an overt act to complete the offense of conspiracy. Accordingly, despite the failure to allege this essential element and the lack of any impli-

cation of an overt act from the specification as written, we find that the record as a whole supplies the missing element, permitting approval of the conviction. We, therefore, reject the first assignment of error.

### II and III

Assignments II and III have been decided contrary to the Appellant's position in *U.S. v. Weiss,* 36 M.J. 224 (C.M.A.1992), and *U.S. v. Kovac,* 36 M.J. 521 (C.G.C.M.R. 1992), as well as numerous other decisions of this Court. Those decisions are dispositive.

We have reviewed this record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judge EDWARDS concurs.*

* Judge Bastek did not participate in this decision.