*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
GASTON, HOUTZ, and MYERS
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Joshua J. MACKO**
Lance Corporal (E-3), U.S. Marine Corps
*Appellant*

**No. 202000159**

Decided: 22 November 2021

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Mark D. Sameit

Sentence adjudged 8 April 2020 by a general court-martial convened at Marine Corps Base Camp Foster, Okinawa, Japan, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 96 months, and a dishonorable discharge.

For Appellant:
*Commander Jonathan M. Riches, JAGC, USN*

For Appellee:
*Lieutenant John L. Flynn, JAGC, USN*
*Major Clayton L. Wiggins, USMC*

Judge HOUTZ delivered the opinion of the Court, in which Senior Judge GASTON and Judge MYERS joined.

---

**PUBLISHED OPINION OF THE COURT**

---

HOUTZ, Judge:

Appellant was convicted, pursuant to his pleas, of attempted sexual abuse of a child, attempted conspiracy to rape a child, sexual abuse of a child, production of child pornography, and possession of child pornography, in violation of Articles 80, 120b, and 134, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts two assignments of error: (1) that Specification 2 of Additional Charge II, alleging production of child pornography, fails to state an offense when Appellant did not produce, create, or manufacture pornographic material; and (2) that the military judge erred in accepting Appellant's guilty plea to this specification. We find no prejudicial error and affirm.

## I. BACKGROUND

Appellant's convictions stem from his sexually explicit communications with a law enforcement agent he believed to be a 13-year-old girl; his requests for a "risqué" picture from another law enforcement agent he believed to be a nine-year-old girl, and his attempt to meet the fictitious girl to have oral and vaginal sex with her; and his successful demands for over a year for a 16-to-17-year-old girl he grew up with to take and send nude pictures of herself, threatening that if she did not he would disclose her secrets and nude photographs to her family. He entered into a plea agreement in which he agreed to plead guilty to the offenses in exchange for a confinement term of 96 months and waiver of automatic forfeitures. In the plea agreement, he also agreed to waive all motions "except those that are non-waivable pursuant to R.C.M 705(c)(1)(B) or otherwise."[2]

The specification at issue in this appeal—Specification 2 of Additional Charge II—reads as follows:

---

[1] 10 U.S.C. §§ 880, 920b, 934.

[2] Appellate Ex. II at 7-8.

> In that [Appellant], while on active duty, did, at or near Twen-
> tynine Palms, California and at or near Camp Pendleton, Cali-
> fornia, between on or about 30 October 2017 and on or about 18
> November 2018, produce child pornography, to wit: digital pic-
> tures of a minor engaging in sexually explicit conduct, and that
> the said conduct was of a nature to bring discredit upon the
> armed forces.

The specification, as written, did not contain the words "knowingly" or "wrongfully."

During his providence inquiry regarding this specification, the military judge discussed all the elements of the offense with Appellant prior to accepting his pleas. Appellant stated in both the stipulation of fact and the plea colloquy that he committed the conduct "knowingly and wrongfully." He also stated that he understood he was acting as a principal under Article 77, UCMJ, because he commanded, instructed, encouraged, and directed the minor victim to take the sexually explicit photographs of herself which constitute child pornography.

## II. DISCUSSION

### A. Appellant Waived His Claim for Failure to State an Offense

We review de novo the legal question of whether an appellant has waived an issue.[3] Forfeiture is the failure to make a timely assertion of a right whereas waiver is the intentional relinquishment or abandonment of a known right.[4] We note that the difference between waiver and forfeiture can sometimes be a difficult distinction. For instance, our superior court held in *United States v. Davis* that even where a Rule for Courts-Martial [R.C.M.] expressly states an issue is waived, it may actually only be forfeited.[5]

The rule at issue here, R.C.M. 907(b)(2)(E), makes failure to state an offense a "waivable" ground for dismissal of a charge or specification "upon

---

[3] *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020).

[4] *Davis*, 79 M.J. at 331 (quoting *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009)).

[5] *United States v. Davis*, 76 M.J. 224, 227–28 (C.A.A.F. 2017) (holding the express language of R.C.M. 920(f) (2016 ed.), that "failure to object to an instruction or to an omission of an instruction before the members close to deliberate constitutes waiver," actually meant forfeiture).

motion made by the accused before the final adjournment of the court-martial."[6] However, this ground is not automatically waived if not brought prior to adjournment, as R.C.M. 905(e) states that "motions, requests, defenses, or objections, *except* lack of jurisdiction or *failure of a charge to allege an offense*, must be raised before the court-martial is adjourned for that case" and that "[f]ailure to raise such [issues]. . . shall constitute forfeiture, absent an affirmative waiver.[7] In *United States v. Sorrells,* we applied forfeiture in evaluating a failure-to-state-an-offense claim, brought for the first time on appeal, where "[w]e [did] not find evidence in the record that the appellant intentionally relinquished a known right."[8]

In this case, we find affirmative waiver. In addition to pleading guilty unconditionally, Appellant signed a plea agreement in which he waived all motions "except those that are non-waivable."[9] He confirmed to the military judge that he had discussed the waiver of motions with his defense counsel and agreed to it in order to receive the benefits of the plea agreement. As R.C.M. 907(b)(2)(E) made failure to state an offense a waivable motion at the time of both his plea agreement and his trial,[10] we find that Appellant knowingly and intentionally waived the issue he now asserts as error.[11]

We generally do not review waived issues "because a valid waiver leaves no error for us to correct on appeal."[12] However, while there is no waiver provision present in Article 66, UCMJ, military courts of criminal appeals still must review the entire record and approve only that which "should be

---

[6] R.C.M. 907(b)(2)(E) (2019). *See also* R.C.M. 907(b)(1) (2019) (listing lack of jurisdiction by the court-martial as the only non-waivable ground for dismissal).

[7] R.C.M. 905(e) (2019) (emphasis added).

[8] *United States v. Sorrells*, No. 201700324, 2019 CCA LEXIS 112 at *6 (N-M. Ct. Crim. App. Mar. 13, 2019) (unpublished).

[9] App. Ex. II at 8.

[10] *See United States v. Sanchez*, 81 M.J. 501, 504 (Army Ct. Crim. App. 2021) (discussing that R.C.M. 907 was amended in 2016 "to make clear that claims of failure to state an offense [are] non-jurisdictional, and therefore waivable").

[11] *See United States v. Gladue*, 67 M.J. 311, 314 (C.A.A.F. 2009) (holding pretrial agreement term that "expressly waived all waivable motions," which the appellant indicated he understood the effect of, effectively waives, rather than forfeits, waivable issues even if they are not specifically addressed by the military judge at trial).

[12] *Davis*, 79 M.J. at 331 (quoting *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)).

approved."[13] This includes reviewing "whether to leave an accused's waiver intact, or to correct error."[14] In this case we leave the waiver intact because even if we were to review his claim, we would find no prejudicial error.

"The military is a notice pleading jurisdiction."[15] "A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication."[16] Although we review de novo whether a specification fails to state an offense, "if the claim is first raised after trial then the deficient specification will be viewed with greater tolerance and will be liberally constru[ed] in favor of validity."[17] In other words, the specification will be viewed with "maximum liberality."[18]

Production of child pornography is an enumerated Article 134, UCMJ, offense which has two elements: (1) that the accused knowingly and wrongfully produced child pornography; and (2) that under the circumstances the conduct was (as charged) service discrediting.[19] Here, the specification at issue omitted the words, "knowingly and wrongfully," in alleging that Appellant "produce[d] child pornography, to wit: digital pictures of a minor engaging in sexually explicit conduct, and that the said conduct was of a nature to bring discredit upon the armed forces."[20]

---

[13] *United States v. Chin*, 75 M.J. 220, 223 (C.A.A.F. 2016) (quoting Article 66, UCMJ).

[14] *Id.*

[15] *United States v. Hill*, No. 201800161, 2019 CCA LEXIS 402 at *6 (N-M. Ct. Crim. App. Oct. 18, 2019) (unpublished) (quoting *United States v. Fosler*, 70 M.J. 225, 229 (C.A.A.F. 2011)).

[16] R.C.M. 307(c)(3) (2019).

[17] *United States v. Turner*, 79 M.J. 401, 405 (C.A.A.F. 2020) (citing *United States v. Watkins*, 21 M.J. 208, 209 (C.M.A. 1986)).

[18] *Turner*, 79 M.J. at 403 (quoting *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A. 1990)).

[19] *Manual for Courts-Martial, United States* (2016 ed.), [*MCM* (2016)], pt. IV, para. 68b.b.(4). "Producing" refers to "making child pornography that did not previously exist." *Id.*, para. 68b.b.(6).

[20] We find no merit in Appellant's claim that the specification is defective in charging him with "produc[ing] child pornography" when it was his command and direction that caused the minor victim, rather than himself, to take the sexually explicit photographs. *See* Article 77, UMCJ (stating a person can be liable as a principal if, among other things, he "counsels, commands, or procures its commis-

"Knowingly" and "wrongfully" are not equivalent. "Knowingly" denotes an awareness of an act in relation to its criminal result. An accused commits an offense "knowingly" when "he is aware that it is practically certain that his conduct will cause such a result, despite what his desire might be as to the result."[21] "Wrongfully," on the other hand—which is described with respect to child pornography more for what it is not than for what it is[22]— is "a word of criminality and . . . words of criminality speak to mens rea and the lack of a defense or justification, not to the elements of an offense."[23] As with the similar difference between "intentionally" and "knowingly," we hold that "wrongfully" and "knowingly" describe "two states of mind [that] are not interchangeable" because they "describe differing states of criminal awareness."[24]

Applying these definitions with maximum liberality to the specification in this case, we conclude it does not fail to state an offense. First, the words, "produce child pornography," necessarily imply that Appellant's act was "knowing."[25] While there may be scenarios where an individual could unknowingly "produce" child pornography, we find that *when liberally construed in favor of validity*, these words sufficiently connote an awareness by Appellant of the practical certainty that his conduct would cause such a result. Second, we agree with the Government's assertion that the word "wrongfully" is necessarily implied by the specification's allegation that Appellant produced "digital pictures of a minor engaging in sexually explicit conduct."[26]

---

sion" or "causes an act to be done which if directly performed by him would be punishable"); *United States v. Matias*, 25 M.J. 356, 363 (C.M.A. 1987).

[21] *United States v. Flores-Rivas*, 80 M.J. 547, 552 (N-M. Ct. Crim. App. 2020) (quoting *United States v. Christy*, 65 M.J. 657, 662 (Army Ct. Crim. App. 2007)).

[22] *MCM* (2016), pt. IV, para. 68b.c.(9) at IV-124 (stating the unintentional or inadvertent acquisition of child pornography, as shown by the method of acquisition, length of time it is maintained, and whether it was promptly, in good faith, destroyed or reported, is relevant to wrongfulness).

[23] *Fosler*, 70 M.J. at 230–31.

[24] *Flores-Rivas*, 80 M.J. at 552.

[25] *See United States v. Tobias*, 33 Fed. Appx. 547, 549 (2d Cir. 2002) (holding "robbery" necessarily implies knowing and willful).

[26] *See Hill*, 2019 CCA LEXIS 402 at *8-9 (holding that the words "offensive touching" necessarily implied wrongfully and criminality); *Turner*, 79 M.J. at 407 (holding that "unlawful" was necessarily implied in a specification alleging an

"Even if this conclusion is susceptible to debate, it is unquestionably true that there simply is no prejudice to be found in this case—even when the stringent constitutional standard of harmlessness beyond a reasonable doubt is applied."[27] As our superior court has held,

> [w]here . . . the specification is not so defective that it cannot within reason be construed to charge a crime, the accused does not challenge the specification at trial, pleads guilty, has a pre-trial agreement, satisfactorily completes the providence inquiry, and has suffered no prejudice, the conviction will not be reversed on the basis of defects in the specification.[28]

As discussed more fully below, we find such is the case here. In light of Appellant's plea agreement, his statements in the stipulation of fact and during the providence inquiry, as well as his unconditional guilty plea,

> there is no basis to conclude that if the Government had properly included the word[s] ["wrongfully and knowingly"] . . . that Appellant would have handled his defense at court-martial any differently; that the result . . . would have been any different; or that Appellant would have been provided any additional protection from double jeopardy.[29]

## B. The Military Judge Did Not Err in Accepting Appellant's Plea

We review a military judge's decision to accept a plea for an abuse of discretion.[30] A military judge has abused his or her discretion in accepting a

---

"attempt to kill with premeditation" a fellow soldier in the United States "by means of shooting her with a loaded firearm").

[27] *Turner*, 79 M.J. at 407.

[28] *Watkins*, 21 M.J. at 210 (internal quotation marks omitted) (denying claim for failure to state an offense where specification charging absence without leave failed to allege the absence was "without authority"); *accord United States v. Brecheen*, 27 M.J. 67, 68–69 (C.M.A. 1988) (denying claim for failure to state offense under similar circumstances where specification charging attempted distribution of lysergic acid diethylamide failed to allege the attempted distribution was "wrongful").

[29] *Turner*, 79 M.J. at 407.

[30] *United States v. Spykerman*, 81 M.J. 709, 735 (N-M. Ct. Crim. App. 2021).

guilty plea if the record shows a "substantial basis in law or fact for questioning the plea."[31]

We find no substantial basis in law or fact for questioning Appellant's plea to Specification 2 of Additional Charge II. Both the stipulation of fact and the military judge's providence inquiry discussed the above-described elements of the offense, including that Appellant committed the conduct "knowingly and wrongfully"; that the images produced constitute child pornography because they were obscene visual depictions of the minor victim engaging in sexually explicit conduct, focused on her breasts and vagina in such a way as to excite lust or sexual desire; that while Appellant himself did not take the pictures, he was acting as a principal because he commanded, instructed, encouraged, and directed the victim to photograph such lascivious exhibitions of herself;[32] that he knew and intended for his commands to result in the production of such child pornography; that the victim would not have produced such photographs but for his instructions; and that his conduct was service discrediting.

## III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[33]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

RODGER A. DREW, JR.
Clerk of Court

---

[31] *Spykerman*, 81 M.J. at 735 (quoting *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014)) (internal quotation marks omitted).

[32] *See* Article 77, UCMJ (stating a person can be liable as a principal if, among other things, he "counsels, commands, or procures its commission" or "causes an act to be done which if directly performed by him would be punishable").

[33] Articles 59 & 66, UCMJ.