*This opinion is subject to revision before publication.*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

**UNITED STATES**
Appellee

**v.**

**Andrew J. SHAFRAN, Boatswain's Mate Third Class**
United States Coast Guard, Appellant

**No. 24-0134**
Crim. App. No. 1480

Argued January 15, 2025—Decided May 12, 2025

Military Judge: Paul R. Casey

For Appellant: *Lieutenant Benjamin M. Cook*, JAGC, USN (argued); *Lieutenant Commander Kristen R. Bradley*, USCG, and *Philip D. Cave*, Esq. (on brief).

For Appellee: *Lieutenant Elizabeth Ulan,* USCG (argued); *Lieutenant Christopher J. Hamersky*, USCG.

Judge MAGGS delivered the opinion of the Court, in which Chief Judge OHLSON, Judge SPARKS, and Judge JOHNSON joined. Judge HARDY filed a separate opinion, concurring in the judgment.

————————

Judge MAGGS delivered the opinion of the Court.

We granted review to decide whether a specification, alleging that Appellant "provid[ed] several alcoholic beverages to a person under the age of 21," fails to state an offense under Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2018), because "it fails to allege words of criminality." *United States v. Shafran*, 85 M.J. 144, 145 (C.A.A.F. 2024) (order granting review). Because Appellant did not raise his objection to the specification at trial, our precedent requires us to assess its sufficiency with "maximum liberality." *United States v. Turner*, 79 M.J. 401, 403 (C.A.A.F. 2020) (internal quotation marks omitted) (quoting *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A. 1990)). Applying this lenient standard, we hold that the specification at issue sufficiently states an offense. We therefore affirm the decision of the United States Coast Guard Court of Criminal Appeals (CGCCA), which affirmed the findings and sentence in this case. *United States v. Shafran*, 84 M.J. 548, 568 (C.G. Ct. Crim. App. 2024) (en banc).

**I. Background**

After meeting Ms. E.F. at a retail store, Appellant invited her to visit him at his house. She accepted the invitation. At the time, Ms. E.F. was not yet twenty-one years old. The record establishes that Appellant had accessed Ms. E.F.'s profile on a dating app and that this profile correctly indicated that she was twenty years old; Ms. E.F. also testified that she told Appellant her age and that her age was one reason why she would not drink alcohol. During Ms. E.F.'s visit, Appellant provided her with liquor, and she "felt pressure[d]" to drink. Ms. E.F. became intoxicated. Nonconsensual sexual activity between Appellant and Ms. E.F. then occurred.

Appellant was charged with one specification of sexual assault and one specification of abusive sexual contact in violation of Article 120(d), UCMJ, 10 U.S.C. § 920(d) (2018), and one specification of an unenumerated offense

under Article 134, UCMJ. The specification under Article 134, UCMJ, as amended, alleged that Appellant:

> provide[d] several alcoholic beverages to Ms. E.F., a person under the age of 21, in the presence of other junior enlisted members of the U.S. Coast Guard and U.S. Air Force, and that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit to the armed forces.

Two aspects of the unenumerated Article 134, UCMJ, specification are noteworthy. First, the specification does not expressly allege that Appellant acted with any particular mens rea.[1] The military judge, however, ruled that the Government was required to prove that Appellant acted with recklessness based on this Court's decision in *United States v. Tucker*, 78 M.J. 183, 184, 186 (C.A.A.F. 2018). Second, the specification does not expressly allege that Appellant acted "wrongfully" or "unlawfully" in providing Ms. E.F. with alcohol or that his actions violated a particular law or regulation. Appellant, however, did not challenge the sufficiency of the specification at trial on these grounds.

A general court-martial found Appellant guilty of the unenumerated offense under Article 134, UCMJ, and guilty of abusive sexual contact, but found him not guilty of sexual assault. The court-martial sentenced Appellant to a bad-conduct discharge, confinement for 180 days, and a reduction to the lowest enlisted grade.

On appeal to the CGCCA, Appellant argued inter alia that the specification under Article 134, UCMJ, for providing alcohol to a person under the age of twenty-one, was fatally defective. *Shafran*, 84 M.J. at 553. He asserted for the first time that the specification failed to state an offense because it did not expressly allege that his conduct was either "wrongful" or "unlawful." *Id.* at 558. The

---

[1] When the specification was first referred, it expressly stated that Ms. E.F. was a person "whom [Appellant] knew to be" under the age of twenty-one. The military judge, however, allowed the Government to strike these words.

CGCCA, in a detailed opinion, rejected this contention. Summarizing its reasoning, the CGCCA stated that requiring the specification to include one of these two words expressly would "raise[] form over substance and [would be] inconsistent with the nature of Article 134, the concept of notice pleading, the statutory text, the [*Manual for Courts-Martial*], military case law, and constitutional due process requirements." *Id.* After also rejecting Appellant's arguments with respect to other issues, the CGCCA affirmed the findings and sentence. *Id.* at 568. Three judges dissented from the conclusion that the specification under Article 134, UCMJ, stated an offense. *Id.* at 569 (Brubaker, J., with whom McClelland, C.J., and Herman, J., joined, concurring in part and dissenting in part).

## II. Standard of Review and Applicable Law

The parties disagree about the applicable standard of review when an appellant challenges the sufficiency of a specification for the first time on appeal. Appellant asserts that we must review his objection to the specification de novo, while the Government asserts that we may review the issue only for plain error. Appellant argues that under the version of Rule for Courts-Martial (R.C.M.) 905 in the *Manual for Courts-Martial, United States* (2019 ed.) (*MCM*), an accused's failure to object to a specification for failing to state an offense neither forfeits nor waives the objection. The CGCCA reached this same conclusion. *Shafran*, 84 M.J. at 556. The Government, however, relies on this Court's precedent in *United States v. Day*, 83 M.J. 53, 57-59 (C.A.A.F. 2022), which applied plain error review in a similar situation but did not address R.C.M. 905. We decline to resolve this disagreement because doing so is unnecessary in this case.[2] Both parties agree that precedent requires us to assess the validity of the specification with

---

[2] In addition, we note that any interpretation of R.C.M. 905 (2019 ed.) would have limited precedential value because Congress recently amended the rule. *See* R.C.M. 905 (2024 ed.)*, amended by* Exec. Order No. 14,103, Annex 2 § 2 (www), 88 Fed. Reg. 50,535, 50,679 (Aug. 2, 2023).

"maximum liberality" because Appellant did not challenge its validity at trial. *Turner*, 79 M.J. at 403 (citation omitted) (internal quotation marks omitted). For reasons that we provide below, when we read the specification at issue with "maximum liberality," we conclude that it states an offense under Article 134, UCMJ.

### III. Discussion

The Government maintains that the specification at issue states an offense under both the first and second clauses of Article 134, UCMJ. These two clauses state:

> Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, [and] all conduct of a nature to bring discredit upon the armed forces . . . shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

Article 134, UCMJ. The President has indicated that an offense under either of these two clauses has only two elements, namely, (a) that "the accused did or failed to do certain acts," and (b) that, under the circumstances, the accused's conduct was either "to the prejudice of good order and discipline in the armed forces" or was "of a nature to bring discredit upon the armed forces." *MCM* pt. IV, para. 91.b.(1), (2).

Appellant contends that the "act" constituting the first element of an unenumerated offense under Article 134, UCMJ, cannot be any type of act but instead must be an act that is unlawful or wrongful. Appellant further asserts that when a particular act may or may not be unlawful or wrongful, depending on the circumstances, the specification must identify the act and must contain " 'words of criminality' " that "capture the essence of a crime." (Citation and internal quotation marks omitted.) He draws support for this proposition from this Court's statement in *United States v. Vaughan*, 58 M.J. 29, 35 (C.A.A.F. 2003) (citation omitted), that "[a]n Article 134 offense that is not

specifically listed in the *MCM* must have words of criminality and provide an accused with notice as to the elements against which he or she must defend." Based on this restriction, Appellant argues that the specification at issue in this case fails to state an offense. He explains that providing alcohol to a person under twenty-one is not always unlawful because there are numerous exceptions to state laws and federal regulations that restrict underage drinking. Appellant therefore asserts that to be proper, the specification needed to allege that he acted "wrongfully," "unlawfully," or "without authority" or that it needed to use other words to the same effect.

We agree with Appellant's general point that, as we stated in *Vaughan*, an unenumerated Article 134, UCMJ, specification must allege unlawful or wrongful conduct. As this Court has explained, "due process requires that a person have fair notice that an act is criminal before being prosecuted for it." *United States v. Saunders*, 59 M.J. 1, 6 (C.A.A.F. 2003) (citing *Vaughan*, 58 M.J. at 31). As one example, a specification may satisfy this requirement by expressly using a word such as "wrongfully" or "unlawfully" to distinguish criminal conduct from conduct that otherwise might be innocent. *United States v. Sadinsky*, 14 C.M.A. 563, 565, 34 C.M.R. 343, 345 (1964) (holding that a specification, which alleged an accused "wrongfully and unlawfully" jumped from an aircraft carrier, properly stated an unenumerated offense under Article 134, UCMJ, in part because the words "wrongfully and unlawfully" eliminated innocuous reasons for the accused's action). As another example, a specification may describe facts that would satisfy each of the elements generally required for the same offense under state and federal criminal laws. *Saunders*, 59 M.J. at 9 (upholding a specification under Article 134, UCMJ, for an unenumerated offense of harassment).

In this case, although the specification did not expressly state that Appellant acted unlawfully or wrongfully, the Government argues that the unlawfulness or wrongfulness of Appellant's conduct was implied and did not need to be expressly stated. In making this argument, the

Government relies on *United States v. Davis*, 26 M.J. 445 (C.M.A. 1988). In *Davis*, this Court explained Article 134, UCMJ, "encompass[es] two general classes of conduct." *Id.* at 448. The first class is conduct that "is or generally has been recognized as illegal under the common law or under most statutory criminal codes." *Id.* The second class is conduct that, "however eccentric or unusual[,] would not be viewed as criminal outside the military context." *Id.* Addressing the first category of conduct, the Court stated: "With respect to conduct that, wherever it occurs, is generally viewed as illegal, it can be argued that a specific allegation of 'wrongfulness' or 'unlawfulness' is surplusage." *Id.* Based on this statement, the Government argues that it was unnecessary for the specification to allege Appellant acted wrongfully or unlawfully because providing alcohol to persons under twenty-one years of age is "generally viewed as illegal." Appellant asserts that the statement in *Davis* was dicta and that, in any event, providing alcohol to a person who is twenty years old is not *generally* unlawful because of various exceptions in state and federal laws.

Because Appellant raised his objection for the first time on appeal, the parties agree that our precedent requires us to assess the specification at issue with "maximum liberality." *Turner*, 79 M.J. at 403 (citation omitted) (internal quotation marks omitted). When reading a specification with maximum liberality, we may find terms to be implied. *Id.* at 407. In *Turner*, for instance, a specification alleged that the accused had "attempt[ed] to kill" another soldier with premeditation "by shooting her with a loaded firearm, causing grievous bodily harm." *Id.* at 403. The specification, however, did not expressly state that the accused had acted unlawfully or wrongfully. This Court recognized that in some instances, an attempt to kill someone might not be unlawful or wrongful (e.g., attempting to kill an enemy combatant on a battlefield). *Id.* at 406-07. The Court, however, upheld the specification under the "maximum liberality" standard. *Id.* The Court explained:

> [W]hen viewed with "maximum liberality," it is a "reasonable construction" of the phrase "did . . .

> attempt to kill with premeditation [the victim] by
> means of shooting her with a loaded firearm, caus-
> ing grievous bodily harm," that Appellant was be-
> ing charged with the offense of attempted premed-
> itated *murder* (i.e., an *unlawful* killing).

*Id.* at 406. The Court also saw nothing in the specification that would indicate that the attempted killing had occurred in a context that would make it lawful. *Id.* at 407.

When we read the specification at issue in this case with "maximum liberality," similar considerations require us to conclude that it properly states an offense. Although the specification does not expressly include the words "wrongful" or "unlawful," *one* reasonable construction of the specification is that such words are implied. We find support for this conclusion in *Davis* where this Court stated that the words wrongful or unlawful sometimes are surplusage. 26 M.J. at 448. We find further support from the general illegality of providing alcohol to persons under twenty-one years old notwithstanding the fact that exceptions do exist.[3] We also observe that, as in *Turner*, the specification alleges no facts suggesting a context in which a possible exception would apply.[4]

Two final points bear mentioning. In the future, the Government could avoid appellate disputes of this kind by expressly including words of criminality such as "wrongfully" or "unlawfully" in a specification.[5] And similarly,

---

[3] The CGCCA conducted a thorough review of state laws and federal regulations restricting alcohol, which we find persuasive. *Shafran*, 84 M.J. at 557-58, 557 nn.9-11.

[4] Because we find the "wrongfulness" of providing alcohol to a person under twenty-one years of age to be implied when reviewing the specification at issue with "maximum liberality," we need not address the Government's distinct argument that a specification can imply wrongfulness simply by alleging that the charged conduct is contrary to good order and discipline or service discrediting.

[5] The discussion accompanying R.C.M. 307(c)(3) also recommends including words of criminality in specifications alleging unenumerated Article 134, UCMJ, offenses. R.C.M. 307(c)(3)

trial defense counsel in the future could avoid the application of the maximum liberality standard for assessing a specification on appeal by raising an objection to the specification at trial.

## IV. Conclusion

The granted issue is answered in the negative. The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

---

Discussion (2019 ed.) ("If the alleged act is not itself an offense but is made an offense either by applicable statute (including Articles 133 and 134), or regulation or custom having the effect of law, then words indicating criminality such as 'wrongfully,' 'unlawfully,' or 'without authority' (depending upon the nature of the offense) should be used to describe the accused's acts.").

Judge HARDY, concurring in the judgment.

I agree that the decision of the United States Coast Guard Court of Criminal Appeals (CGCCA) should be affirmed. *United States v. Shafran*, 84 M.J. 548, 568 (C.G. Ct. Crim. App. 2024) (en banc). The specification provided Appellant with adequate notice of the offense alleged and the conduct he needed to defend against. The majority correctly recognizes that the specification need not expressly include words of criminality such as "wrongful" or "unlawful" and that the specification at issue sufficiently states an offense, especially considering the "maximum liberality" standard we use when an appellant does not object to the specification at trial. *United States v. Turner*, 79 M.J. 401, 403 (C.A.A.F. 2020) (internal quotation marks omitted) (quoting *United States v. Bryant*, 30 M.J. 72, 73 (C.M.A. 1990)). However, in reaching its conclusion, the majority unnecessarily infers that such words of criminality are "implied" in the specification. *United States v. Shafran*, __ M.J. ___, ___ (8) (C.A.A.F. 2025). I write separately because I believe that there is a much simpler way to resolve this case.

Clauses 1 and 2 of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, criminalize "all disorders and neglects to the prejudice of good order and discipline in the armed forces" and "all conduct of a nature to bring discredit upon the armed forces" so long as those disorders, neglects, and conduct are not specifically mentioned elsewhere in the UCMJ. As the President explains in the *Manual for Courts-Martial*, an Article 134 offense consists of only two elements: (1) that the accused did or failed to do certain acts, and (2) that, under the circumstances, such conduct either was prejudicial to good order and discipline (for clause 1 offenses) or was of a nature to bring discredit upon the armed forces (for clause 2 offenses). *Manual for Courts-Martial, United States*, pt. IV, para. 91.b.(1)-(2) (2019 ed.) (*MCM* or *Manual*). Notably, neither the text of Article 134, UCMJ, nor the President's elements for the General Article make any mention of criminality.[1]

---

[1] This Court has frequently confirmed the same. S*ee, e.g.*, *United States v. Gaskins*, 72 M.J. 225, 233 (C.A.A.F. 2013) ("To

In this case, Appellant argues that the specification alleging that he violated Article 134, UCMJ, by providing alcohol to a minor failed to state an offense because it failed to allege words of criminality. But neither the text of Article 134, UCMJ, nor the President's guidance in the *Manual* imposes such a requirement. Acts (or failures to act) are criminal in the military justice system under clause 1 or clause 2 of Article 134, UMCJ, *solely* because they are either prejudicial to good order and discipline or service discrediting. If an Article 134 specification alleges that the accused's act (or failure to act) violated at least one of the terminal elements, then the specification is sufficient. Nothing more is required. *See United States v. Fosler*, 70 M.J. 225, 229 (" 'A specification is sufficient if it alleges every element of the charged offense expressly or by necessary implication.' " (quoting Rule for Court-Martial 307(c)(3))).

As the Supreme Court made clear in *Parker v. Levy*, 417 U.S. 733, 749 (1974), the military has the authority under Article 134, UCMJ, to criminalize servicemembers' conduct even when that conduct is not criminal in the civilian world. Indeed, this authority extends so far that the military can even criminally sanction conduct by servicemembers that would be constitutionally protected if performed by civilians. *Id.* at 758 ("The fundamental necessity for obedience, and the consequent necessity for imposition of discipline, may render permissible within the military that which would be constitutionally impermissible outside it."). There is no requirement under clause 1 or clause 2 of Article 134, UCMJ, that the charged conduct be criminal in any sense beyond the fact that the conduct is prejudicial to good order and discipline or is of a nature to be service discrediting.

---

punish conduct that is to the prejudice of good order and discipline in the armed forces, or of a nature to bring discredit upon the armed forces, the government must establish (1) a predicate act or failure to act, and (2) the terminal element."); *United States v. Rice*, 80 M.J. 36, 41 (C.A.A.F. 2020) (same); *United States v. Anderson*, 68 M.J. 378, 385 (C.A.A.F. 2010) (same).

Appellant's argument to the contrary is based on this Court's statement in *United States v. Vaughan* that an unenumerated Article 134 offense "must have words of criminality and provide an accused with notice as to the elements against which he or she must defend." 58 M.J. 29, 35 (C.A.A.F. 2003) (citing *United States v. Davis*, 26 M.J. 445, 447-48 (C.M.A. 1988)). Although this language appears on its face to support Appellant's position, I disagree for two reasons.

First, even if one accepts that the requirement for "words of criminality" from *Vaughan* and *Davis* is still good law (which I doubt for the reasons explained below), the specification in this case did contain "words of criminality" as defined by those cases. As our predecessor Court explained in *Davis*, the "essence" of an Article 134 clause 1 or clause 2 offense is that the defendant's conduct "had an adverse effect on military order and discipline and created a negative perception of the armed services." 26 M.J. at 448. Thus:

> the "wrongfulness" of the conduct consisted of its threat to good order and discipline and its discredit to the armed forces—these elements conforming to the first two clauses of Article 134. We can see no harm in alleging criminality in terms of the provisions of Article 134 which made the conduct wrongful, rather than by using a general allegation that appellant's activity was "wrongful" or "unlawful." The objectives of notice and protection from double jeopardy are in our view satisfied by the language employed here.

*Id*. at 448-49.

In this case, the specification alleged that Appellant provided alcoholic beverages to a minor in the presence of other junior enlisted members of the Coast Guard and Air Force and "that said conduct was to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces." To whatever extent "words of criminality" are required under *Vaughan* (even if those words are not required under Article 134, UCMJ, or the *Manual*), the specification in this case satisfied that requirement by including the requirements of

clause 1 and clause 2 of the terminal element. Even under the logic of *Davis* and *Vaughan*, nothing more is required.

Of course, as this Court has recognized since 2011, the Constitution mandates that *every* specification alleging a violation of Article 134, UCMJ, must specify that the defendant's conduct violated at least one of the clauses of the terminal element. *See Fosler*, 70 M.J. at 230 ("An accused must be given notice as to which clause or clauses he must defend against."). Because reciting the language of the terminal element satisfies *Vaughan*'s words-of-criminality requirement, every specification alleging a violation of Article 134, UCMJ, by referencing a terminal element contains the necessary words of criminality by definition. In other words, *Davis's* and *Vaughan*'s concerns about including words of criminality like "wrongfully" in the specification are no longer relevant.

Which brings us to the second reason why I believe that *Vaughan* does not support Appellant's position: I do not believe that *Vaughan* is still good law. Although this Court has not expressly overturned *Vaughan* or *Davis*, it is important to recognize that those cases were decided in an era when the military justice system took a dramatically different approach toward Article 134, UCMJ. *See United States v. Richard*, 82 M.J. 473, 479 (C.A.A.F. 2022) (noting "the sea change that occurred in this Court's Article 134 jurisprudence between 2008 and 2011"). When *Vaughan* and *Davis* were decided, the government was permitted to charge offenses under Article 134, UCMJ, without specifying which terminal element applied. *See Fosler*, 70 M.J. at 227 (noting that prior to 2011 the "express allegation of the terminal element of Article 134 ha[d] not been viewed as necessary"). In that environment, it makes sense that this Court attempted to cabin the "seemingly imprecise standards" imposed by Article 134, UCMJ, *Parker*, 417 U.S. at 747, by inserting a criminality requirement into the first element of Article 134, UCMJ—that the accused did or failed to do certain *criminal* acts.

But as explained above, that approach was never consistent with the text of Article 134, UCMJ, or the President's guidance in the *Manual*. Plus, as noted by the

dissent below, when "[v]iewed through a post-*Fosler* lens, *Davis's* dictum appears, frankly, outdated and unhelpful to the question of how to plead a particular Article 134 offense." *United States v. Shafran*, No. 1480, 2023 CCA LEXIS 427, at *69, 2023 WL 6534065, at *23 (C.G. Ct. Crim. App. Oct. 6, 2023) (Brubaker, J., concurring in part and dissenting in part). Appellant argues that because the specification lacked specific words of criminality, the Government charged Appellant without identifying any standard by which his conduct was forbidden. In his view, he was unable to properly hold the Government to its burden of proof, and he was charged with a per se crime. I disagree with both of those assertions.

First, I disagree that the Government left Appellant with no standard by which his conduct was forbidden. As charged in this case, Article 134, UCMJ, provides two standards by which Appellant's conduct was forbidden: (1) his conduct was prejudicial to good order and discipline; and (2) his conduct was of a nature to bring discredit upon the armed forces. Whether Appellant's conduct would have violated applicable state or federal laws might have been relevant to the members in deciding whether his conduct violated clause 1 or clause 2 of the terminal element, but the Government was under no legal obligation to prove that it was. And after *Parker*, there is no basis for Appellant to argue that the standards imposed by clause 1 or clause 2 of the terminal element of Article 134, UCMJ, are too vague under the Due Process Clause of the Fifth Amendment. 417 U.S. at 752-57.

Second, this Court has been adamant that there is no conduct that is either per se prejudicial to good order and discipline or per se service discrediting. *See United States v. Phillips*, 70 M.J. 161, 164-65 (C.A.A.F. 2011) ("The use of conclusive presumptions to establish the elements of an offense is unconstitutional because such presumptions conflict with the presumption of innocence and invade the province of the trier of fact."). To the contrary, this Court has repeatedly recognized "that the Constitution demands that the Government prove *every* element of an Article 134 offense—including the second or 'terminal' element—

5

beyond a reasonable doubt." *Richard*, 82 M.J. at 476 (citing *Phillips*, 70 M.J. at 165, *Fosler*, 70 M.J. at 226; *United States v. Wilcox*, 66 M.J. 442, 448 (C.A.A.F. 2008)). This case was no different.

To be clear, I agree wholeheartedly with Appellant that the unique nature of Article 134, UMCJ, makes it susceptible to abuse by the government, and that this Court has a duty to protect servicemembers from that potential abuse. But in my view, this Court's proper role is not to add extraneous, non-textual requirements to Article 134, UCMJ, but rather to rigorously enforce the requirement that the Government plead and prove the terminal element beyond a reasonable doubt.[2] But that issue is not before us. Because the challenged specification states an offense under Article 134, UCMJ, I agree with the majority that the decision of the United States Coast Guard Court of Criminal Appeals should be affirmed.

---

[2] *See, e.g.*, *Wilcox*, 66 M.J. at 451-52 (concluding that the appellant's conviction for violating clause 1 and clause 2 of Article 134, UCMJ, was legally insufficient when the record did not contain sufficient evidence to prove either clause of the terminal element beyond a reasonable doubt); *Richard*, 82 M.J. at 479 (concluding that the appellant's three convictions for violating clause 1 of Article 134, UCMJ, were legally insufficient when the government failed to offer any evidence in support of the terminal elements); *United States v. Rocha*, 84 M.J. 346, 352-54 (C.A.A.F. 2024) (Hardy, J., dissenting) (concluding that the appellant's conviction for violating clause 2 of Article 134, UCMJ, was legally insufficient when the government failed to offer any evidence or argument in support of the terminal element); *United States v. Wells*, 85 M.J. 154, 162 (C.A.A.F. Sept. 24, 2024) (Hardy, J., with whom Ohlson, C.J., joined, dissenting) (concluding that the appellant's conviction for violating Article 134, UCMJ, was legally insufficient when the only evidence presented at trial in support of the terminal element indicated that the appellant's conduct was *not* service discrediting).